## No. 8300.

THE STATE OF LOUISIANA VS. WILLIE KANE.

33 1269
49 1209

33 1269
110 131
111 93

It is not material, in a prosecution for larceny, that the Information should state the exact day of the commission of the offense, provided the proof shows that it was committed within one year of the filing of the Information. This is not an open question any longer.

Nor is the allegation of ownership of the thing stolen material in cases of larceny. Affirming Decision in 33 An. 120.

APPEAL from the Criminal District Court for the parish of Orleans. *Roman*, J.

*J. C. Egan*, Attorney General, for the State, Appellee:

First—In an information for larceny it is sufficient to allege the ownership of the property stolen to be in the ostensible or apparent owner. 33 An. 122; Wharton on Criminal Law, 8th ed., vol. 1, Sec. 945.

Second—Time is not of the essence of the commission of larceny, and the *information* is satisfied by proof of any day anterior to the filing of the charge, provided it be within one year. Bishop on Criminal Procedure, vol. 1, Sec. 400.

Third—This Court has jurisdiction in criminal cases on questions of law alone. Constitution, Art. 81; 11 An. 478.

The Defendant and Appellant unrepresented.

The opinion of the Court was delivered by

POCHÉ, J. The defendant appeals from a conviction and sentence under a charge of larceny of some money, the alleged property of Mrs. Mary Schoemmehl.

He reserved a bill of exceptions to the ruling of the judge in admitting testimony showing that the offence was committed on the 28th of December, 1880, because the information charged that it had been committed on the 4th of January, 1881. It is now not an open question that time is not of the essence of the commission of the offence of larceny, provided the proof shows that the offence was committed within one year of the filing of the information, which in this case was filed on April 8th, 1881.

Bishop, in his work on Criminal Procedure, vol. 1, Sec. 400, lays down the rule in the following clear and unambiguous language:

"It is not necessary to prove the offence to have been committed on the day of the month and year specified in the indictment. Any day before or after, within the statute of limitations, is sufficient." State vs. Hypolite Polite, 33 An., not yet reported. There is no force in the reasoning of defendant's counsel, that he had pleaded not guilty to the offence charged to have been committed on the 4th of January, 1881, thus fixing the issue between time and the State to that particular date, and that he was prepared to prove an *alibi* on that date. As the jury found, beyond doubt, that the offence had been committed by the defendant on the 28th of December, 1880, it was immaterial to consider his whereabouts on any other day. In a plea of not guilty to an indictment, the issue presented between the State and the accused is one of guilt or innocence of the charge preferred, and is not circumscribed by the date alleged, in the absence of proof of prescription within the statute of limitations.

The defendant moved for a new trial on the grounds:

1st. That there was no proof of the ownership of Mrs. Schoemmehl of the property charged to have been stolen, the proof showing that the money belonged to the succession of her husband.

This objection is disposed of by referring to the case of the State vs. Everage, 33 An. 120, in which an identical objection was overruled, and in which this Court held that such a question might be raised in a civil action involving the legal title of property, but not in a criminal case where the issue was not the legal title of the property, but the felonious taking of the same by the accused.

2d. The other grounds set up in his motion for new trial, involve questions of facts, with which this Court cannot interfere. Those grounds can, therefore, not avail the accused in this appeal. There is no error in the judgment of the lower court, which is, therefore, affirmed.