(78 South. 975)

No. 23044.

STATE v. BARNHART.

(May 27, 1918.)

*(Syllabus by the Court.)*

1. HOMICIDE ⟐142(6)—DATE OF OFFENSE—PROOF.

Where, upon a trial for murder, the indictment charges the offense as committed upon a certain day, and a witness for the prosecution is allowed to testify, over objection, that the deceased was killed prior to a certain earlier date, the objection is properly overruled, since, time not being of the essence of the crime charged, the state is not restricted in its evidence to the date set out in the indictment, but is at liberty to show that it was committed at any time prior to the finding of the indictment and within the period of prescription.

2. CRIMINAL LAW ⟐599—HOMICIDE ⟐142.(6)—TIME OF OFFENSE—EVIDENCE—CONTINUANCE.

But where, upon a trial for murder, the state introduces evidence showing that the offense was committed several months earlier than as charged, though such evidence may properly be admitted, for the reason that it is not necessary to give a specific date, as time is not of the essence of the offense, that reason is not sufficient to sustain a ruling refusing the defendant a delay to enable him to prepare a defense against a charge other than that which he has been called into court to meet.

3. CRIMINAL LAW ⟐1170½(5)—RULING ON CROSS-EXAMINATION—REVERSIBLE ERROR.

A ruling sustaining an objection to a question propounded, on cross-examination, to a state witness in a criminal case, may be erroneous, and yet not show such prejudice to the rights of the defendant as to warrant the setting aside of the conviction.

4. CRIMINAL LAW ⟐720½, 1111(3)—ARGUMENT OF PROSECUTING OFFICER—REVIEW—CONCLUSIVENESS OF RECORD.

A prosecuting officer is entitled to form, and to express to the jury in a criminal case, his own opinion as to what has been made evident on the trial, and it is for the trial judge to determine whether he keeps within the record.

The mere recital, in a bill of exceptions, that the district attorney stated that such a fact was evident, does not enable the court to determine whether the fact was evident or not, and, in the absence of the entire record, with the evidence, the statement of the trial judge that the district attorney kept within the record is conclusive of that question.

Appeal from Second Judicial District Court, Parish of Bossier; John N. Sandlin, Judge.

Nelse Barnhart, alias Big Boy, was convicted of murder, without capital punishment, and sentenced therefor, and he appeals. Verdict and sentence set aside, and cause remanded.

Murff & Mabry, of Shreveport, for appellant. A. V. Coco, Atty. Gen., and Harmon C. Drew, Dist. Atty., of Minden (Vernon A. Coco, of New Orleans, of counsel), for the State.

MONROE, C. J. This is an appeal from a conviction of murder, without capital punishment, and sentence therefor.

It appears that, on the trial, a witness called by the state was asked "if deceased was killed, and, if so, when and where?" that defendant objected to his testifying to any other date than February 5, 1918, as charged in the indictment, on the ground that his defense was an alibi, and he was not prepared with respect to any other date, which objection was overruled "because" (as stated by the judge) it was "not necessary to give specific date, as time was not of essence in charge of murder"; and, the witness having testified that deceased was killed "some time before Christmas, 1917" a bill was reserved, and defendant (according to the recitals of another bill) "immediately moved the court for a continuance * * * until such time as he could prepare his defense to meet the date of some time before Christmas in the year 1917," as fixed by said witness, whereas the indictment specified February 5, 1918, and which said indictment

the district attorney did not offer to amend, but stood on said date of February 5, 1918, regardless of the evidence showing the date of the death of the deceased to be some time before Christmas in the year 1917; that defendant was not prepared to meet the charge of murder both of date "some time before Christmas in the year 1917" and also on the 5th of February, 1918, for the reason that the state's case depended entirely on circumstantial evidence, and the defense was an alibi, * * * but the court refused the continuance, and ordered the trial to proceed, for the following reasons, to wit: "Same reason as in bill 1."

[1, 2] It is true that, although some time must be stated in an indictment charging murder, the state is not restricted in its evidence to the date charged, but may prove that the crime was committed upon any other day, prior to the finding of the indictment and within the period of prescription. 22 Cyc. 451; Marr's Crim. Jur. of La. p. 400; R. S. 1063; Bishop's Cr. Pr. § 400; State v. Kane, 33 La. Ann. 1269; State v. Anderson, 136 La. 261, 66 South. 966. But it does not follow that, because the state enjoys that privilege, the defendant has no rights which are to be considered in that connection. R. S. 1047, after recapitulating certain variances between allegations and proof, in criminal cases, declares that:

"It shall be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense, to order such indictment to be amended according to the proof; * * * the trial to be had before the same or another jury, as the court shall think reasonable; and, after any such amendment, the trial shall proceed: * * * Provided, that in all such cases, where the trial shall be so postponed, the witnesses shall be bound to attend," etc.

From which it is evident that the lawmaker has thought it quite within the range of possibility that, in a case of the character thus provided for, a defendant might be tak-

en by surprise, and at serious disadvantage, and that the interests of justice and fair play might require that he be granted a delay in order to prepare his defense with reference to the change in the charge that he had come into court to meet. In State v. Wallman, 31 La. Ann. 147, in referring to such a situation, this court said:

"We are reminded that 'the simplest defense which the accused has to a charge against him is the proof of an alibi,' and we are asked: How would such a right be protected if the time laid in the indictment be considered as immaterial? That right would, under all circumstances, be protected by the court; for, were the evidence to establish that the offense was committed on a day different from that laid in the indictment, and were the indictment amended so as to correspond with the evidence, the prisoner would not, and could not, be denied a reasonable delay to prepare any reasonable defense, which he may really have, or believe he has, against the unexpected, or, at least, apparently unexpected, change in the indictment."

It may be that the learned trial judge had excellent reasons for refusing to grant the continuance in this case, but the only reason that he has spread upon the record is that which we have stated, "not necessary to give specific date, as time not of essence in charge of murder," which, though a sufficient reason for admitting testimony tending to show that the offense in question was committed at some other time than as charged in the indictment, was not, in our opinion, a sufficient reason for refusing to grant defendant a delay for the preparation of his defense against the charge as thus brought out in the testimony, and which, in the light of that testimony, might have referred to a crime committed more than a year before the finding of the indictment, since a long period is known to have elapsed before Christmas in the year 1917. There was reversible error in the ruling complained of.

[3] Another bill was reserved to the ruling of the court in sustaining an objection to the following question, propounded, on cross-examination, by defendant's counsel, to a deputy sheriff, who had testified that he had arrested defendant, to wit: "Didn't you ask defendant, at the time you arrested him, if he killed the deceased, and didn't he say 'No'?" The question appears to have been germane to the testimony given upon the examination in chief, and we see no valid objection to it. On the other hand, the ruling complained of discloses no such prejudice to the defendant as, of itself, to warrant the setting aside of the conviction.

[4] The prosecuting officer, in his opening argument, made the statement that the deceased "was shot in the head, and this negro (pointing and referring to the defendant) evidently ran, after he killed the deceased," whereupon defendant's counsel objected to the word "negro" as prejudicial to defendant, and further objected to the remark on the ground that there was nothing in the record to show that any one ran after the shooting.

The statement per curiam is:

"District attorney did not go out of record, as evidence showed defendant was negro, and no appeal was made to race prejudice."

The defendant being a negro, the jury were probably as well aware of it as the district attorney, and no reason suggests itself why his being so characterized should have made any change in their feeling towards him. In order to determine why it was evident to the district attorney that defendant "ran, after he killed the deceased," we should have to know something more of the testimony adduced; how he knew, for instance, that defendant had killed the deceased. As the matter is presented, we find no reason to suppose that there was any error in the ruling of the court.

Another bill raises the same point about the characterization of defendant as a negro, and the ruling was the same.

For the reasons assigned in considering the two first bills, it is ordered and adjudged

that the verdict and sentence be set aside, and the case be remanded, to be proceeded with according to law.