(124 So. 824)

No. 30064.

## STATE v. SINGLETON.

Nov. 4, 1929.

J. W. Elder, of Ruston, for appellant.

Percy Saint, Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

O'NIELL, C. J.   The defendant has appealed from a conviction and sentence of imprisonment in the penitentiary for the crime of larceny.   It was charged in the indictment that the offense was committed on the 15th day of December, 1928.   During the trial, the first witness for the state testified that the offense was committed on the 13th day of December, 1928.   The defendant objected to the attempt to prove that he had committed such offense on that date, on the ground that he was prepared to prove an alibi in defense of the charge that he had committed the offense on the 15th of December, 1928, and was not prepared to prove his whereabouts or to make any other defense against a charge of committing such crime on the 13th of December, 1928.   The district attorney then moved to amend the indictment so as to charge that the offense was committed on the 13th of December, 1928.   The defendant's attorney again objected, but the objection was overruled and the amendment allowed; whereupon the attorney asked for and was allowed a delay of 20 minutes in which to prepare a motion for the discharge of the jury and a postponement of the trial so as to allow an opportunity to prepare for the defense.   The motion was filed promptly, in due form and properly verified. The judge overruled the motion, and the attorney for the defendant excepted to the ruling.

■ In a case where the date of the commission of an offense is not essential to its being a crime or misdemeanor, as in this case it is

not necessary, as a general rule, that the proof of the date of the commission of the offense should correspond exactly with the date stated in the indictment; but, when the defendant is taken by surprise and his defense prejudiced by an amendment of the indictment in that respect during the trial, or by an overruling of an objection on his part to the admission of evidence of the commission of the offense on a date other than that stated in the indictment, he is entitled to have the jury discharged and the trial postponed so as to give him an opportunity to prepare for his defense. That is peculiarly the case when a defendant comes to trial prepared only to prove an alibi with regard to the date stated in the indict- ·ment. Article 253, Code Cr. Proc., provides for such a case, viz:

"If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been empanelled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial," etc.

■ It does not clearly appear from the whole proceedings in this case that the defendant was not prejudiced by the amendment of the indictment during the trial, or that his rights were fully protected by proceeding with the trial. According to the record before us the accused party was prejudiced in his defense; and, to avoid a failure of justice, a new trial must be granted.

■ There are other bills of exception in the record, but they are not referred to in the brief of the appellant, and we do not deem it necessary to consider them.

The verdict and sentence are annulled, and the case is ordered remanded to the district court for a new trial.