PONDER, Justice.
The defendant, R. L. Jones, charged with the murder of Inez Jones on December 3, 1938, was found guilty as charged and sentenced to death. From the conviction and sentence the defendant has appealed.
During the course ■ of the trial, counsel for the defendant reserved four bills of exceptions to the rulings of the trial court.
Bill of exception No. 1 was taken to the ruling of the trial court whereby the District Attorney was permitted to amend the indictment by changing the date of the alleged crime from December 4, 1938, to December 3, 1938. The amendment was made on the day the case was fixed for trial and over the objection of counsel for the defendant. Immediately after the District Attorney was permitted to amend the indictment, counsel for the defendant filed- a motion to continue the case alleging in effect that by allowing the amendment to be made on the date of the trial the rights of the defendant were prejudiced and that the defendant is entitled, as a matter of law, to a continuance of the case in order that his attorneys might investigate the matter, file appropriate proceedings and defend the case in line with the result of their investigation and the amended indictment. The motion for a continuance was overruled which forms the basis of the defendant’s bill of exception No. 2.
Bills of exceptions No. 1 and 2 were discussed together in counsel for the defendant’s brief. Counsel concedes that the State had the right to amend the indictment but contends that the defendant was entitled to a continuance. In support of this contention counsel cites State v. Singleton, 169 La. 191, 124 So. 824; State v. Barnhardt, 143 La. 596, 78 So. 975; State v. Wallman, 31 La.Ann. 146, and Article 253 of the Code of Criminal Procedure.
Article 253 of the Code of Criminal Procedure reads as follows:. “No indictment shall be quashed, set. aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of ariy defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court in its discretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of 'the jury, if' a *616 jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. In case a jury shall be discharged from further consideration of a case under this section,, the accused shall not be deemed to have been in jeopardy. No action of the .court in refusing a' continuance or postponement under this article shall be reviewable except after motion to and refusal by the trial court to grant a new trial therefor and no appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted.”
In the cases of State v. Singleton, supra, and State v. Barnhardt, supra, the defense was an alibi. In both of the cases a continuance was sought on the grounds that the defendant had come to trial only prepared to prove his whereabouts on the date alleged in the indictment. It can readily be seen that to force the defendant to proceed with the trial under such circumstances would be highly prejudicial. In effect the amendment of the date in the indictment would destroy the defense. The case of State v. Wallman, supra, cannot be considered authority to support the defendant’s contention herein because the judgment appealed from in that case was affirmed.
There are no facts or circumstances alleged in the defendant’s motion for a continuance showing any prejudice to the defendant. It is merely alleged in the motion that the rights of the defendant were prejudiced by the amendment and that the defendant is entitled, as a matter of law, to a continuance for the purpose of allowing his attorney to investigate the matter, file appropriate proceedings and defend the. case in line with the result of the investigation and the amended indictment. The motion was submitted without evidence. While it is alleged in the defendant’s motion for a new trial that the amendment of the indictment was prejudicial to the defendant in that it forced the defendant to trial on the same day the indictment was amended, yet we find no allegation of any fact or circumstance tending to show in what respect the defendant was prejudiced. There was no evidence offered by the defendant on this issue at the hearing of the motion for a new trial. After a careful examination of the allegations in defendant’s motion for a continuance, the motion for a new trial and in the absence of any testimony showing any injury or prejudice to the accused, we do not find that he has been prejudiced in his defense or that a failure of justice has resulted. Under the provisions of Article 323 of the Code of Criminal Procedure a motion for continuance is tried contradictorily with the opposite party and the trial of a case will not be delayed unless the evidence' shows that the mover is entitled to a continuance. The granting or *618 refusal of a continuance is within the sound discretion of the trial court and unless there is an apparant abuse of that discretion this court will not interfere. A wide discretion is allowed trial courts in the matter of continuance. Article 320, Code of Criminal Procedure; State v. Pouncey, 182 La. 511, 162 So. 60; State v. Dallao, 187 La. 392, 175 So. 4.
While the issue presented here has not been directly passed on by this court since the adoption of the Code of Criminal Procedure, yet prior thereto it was passed on in the cases of State v. Lee, 127 La. 1077, 54 So. 356, and State v. Evans, 135 La. 891, 66 So. 259. In both of those cases the indictment was amended changing the date in a murder charge. Under the provisions of the Revised Statutes similar to those incorporated in the Code of Criminal Procedure the court held that Section 1047 of the Revised Statutes expressly authorized such changes and that after such amendment the trial should be proceeded with in all respects as if no such variance had occurred or amendments made. The defendant in this case had the opportunity on two occasions, on the hearing of the motion for a continuance and the hearing of the motion for a new trial, to show any injury that he might have sustained or that his rights had been prejudiced. In both instances his motions were submitted without evidence on this question. In the absence of any prejudice or injury appearing in the record we could not feel warranted in reversing the rulings of the trial court.
Bill of exception No. 3 was taken during the examination of a prospective juror on his voir dire. The juror was challenged for cause by the defense on the ground that he was the son of the coroner of the Parish of Morehouse. From the record it appears that the coroner was a witness for the State. The court ruled that the juror was competent and counsel ■ for the defense excepted to the ruling which forms the basis of this exception. After counsel reserved this bill of exception the juror was challenged peremptorily. It appears that the defense exhausted all of their peremptory challenges prior to the completion of the jury but it does not appear that the defendant was forced to accept an objectional juror. The competency of the juror was attacked solely and only on the ground that he was the son of •the coroner who was summoned as a witness on behalf of the State. From the notes of testimony in the record taken on the hearing of the defendant’s motion for a new trial it appears that the coroner testified that the deceased was dead at the time he was called to examine her. His testimony consisted of the cause of death, the wounds on the body of the deceased and the condition of the gun with which she was killed. The coroner testified that he did not know anything about the killing or who did it. From the note of testimony attached to the bill of exception it appears that counsel for the defendant asked the prospective juror while he was being examined on his voir dire if he was the son of the coroner and without any further questioning of the juror counsel challenged him for cause. In support of this bill of exception, counsel cites the cases of State v. Caron, 118 La. 349, 42 So. 960; State v. Joiner, 163 La. 609, 112 *620 So. 503. The case of State v. Caron, supra, does not support counsel’s contention. It appears that the counsel relies on a statement made in that case taken from Chitty as to the rule of the common law, as follows [118 La. 349, 42 So. 961] : “If, therefore, the juror is related to either party _ within the ninth degree, though it is only by marriage, a principal challenge will be admitted. So, also, if he has acted as godfather to the prosecutor of the defendant,'he may be challenged for that reason.” The court commenting on this question stated that the rule was persuasive. Counsel takes the position that a coroner is an officer of the court working with members of the sheriff’s office to investigate homicides and making reports of what he believes to be facts to'the Grand Jury or District Attorney. Counsel argues in his brief that in this respect that the coroner may be classed as the godfather of the prosecutor in a murder case. Article 351' of. the Code of Criminal Procedure provides the special causes for which a juror may be challenged. The cause urged herein is not contained in this Codal Article and we are aware of- no authority to that effect. In the case of State v. Joiner, supra, the challenged juror was a personal friend of the deceased and of the main State witness. The juror had discussed the case with the State witness and had formed an opinion. The killing grew out of a difficulty between the State witness and the defendant in which the deceased had intervened. The juror at first denied, while being interrogated, that he had talked to the witness about the case, but later; in response to further questioning, he acknowledged that he had talked to the witness about the case and had formed an opinion that would require evidence to change.
The question presented here was not raised in either of the cited cases. There is nothing in the record to show that the coroner was in any manner interested in the outcome of the case. The testimony given by him was merely that required of him in his official capacity. We see no merit in this bill.
Bill of exception No. 4 was taken to the overruling of the defendant’s motion for a new trial. The motion for a new trial is predicated on the bills of exception which we have discussed and determined.
For the reasons assigned, the conviction and sentence are affirmed.