92 So.2d 717

STATE of Louisiana

v.

Earl Joseph DEFIORE.

No. 43165.

Jan. 21, 1957.

Samuel S. Dalton, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., W. A. Henning, Asst. Dist. Atty., Gretna, A. J. Graffagnino, Asst. Dist. Atty., Metairie, for appellee.

SIMON, Justice.

The defendant, Earl Joseph Defiore, while driving a motor vehicle soon after midnight on January 1, 1956, ran into three of

four teen-age girls standing alongside of the road, awaiting the arrival of a public bus. This accident resulted in the death of two of the young girls. Defendant was charged by information, tried and convicted of the crime of negligent homicide.

For the reversal of said verdict and sentence, defendant relies on one bill of exception, reserved when the trial judge, over the objection of counsel, permitted the State of Louisiana to introduce evidence concerning a fist fight between defendant and a third party not involved in the commission of the crime charged, occurring at a time two or two and one-half hours before the crime charged.

During the course of the trial the State without objection adduced evidence that the accused at the time of the commission of the crime charged was operating his automobile at an excessive speed after having drunk intoxicating liquor. When the State attempted to introduce evidence of the defendant engaging in a fist fight at the time he was partaking of intoxicating liquor, defendant objected to evidence of the fisticuffs because of remoteness of time of this event.

The State contends that the series of events leading up to the commission of the crime form part of the res gestae and that the fact that one of these events might be remote in point of time is no ground for exception, provided that the event testified to is closely connected to and forms an integral part of the crime with which the accused is charged.

The defendant contends that the testimony relative to the fist fight, not offered in response or rebuttal to any defense urged by the defendant, tended to prove another crime, and was therefore inadmissible.

The defendant does not maintain that the State failed in any way to sustain by proof beyond a reasonable doubt the charge contained in the information but contends that the testimony relative to the fist fight at a time remote from the crime charged was prejudicial to his defense. Neither does defendant show, nor can we learn from the record, how the particular evidence objected to was prejudicial to the substantial rights of the defendant, how the same constituted a substantial violation of a constitutional or statutory right, or how it resulted in a miscarriage of justice.

We do not agree with the contention of the State that the evidence of the fist fight, offered in an effort to show the demeanor of the accused as a result of his having partaken of intoxicating liquor, was part of the res gestae under the circumstances of the crime here charged, being too remote in time. We fail to see, how-

ever, how the admission of this evidence in itself would constitute reversible error as contended by defendant.

Article 557 of the Code of Criminal Procedure, LSA–R.S. 15:557, provides that: "No judgment shall be set aside, or a new trial granted by any appellate court of this state, in any criminal case, on the grounds of misdirection of the jury or the improper admission or rejection of evidence, or as to error of any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

■ A ruling on evidence may be in itself erroneous and yet disclose no such injury or prejudice to the defendant as would warrant the setting aside of the conviction. State v. Barnhart, 143 La. 596, 78 So. 975.

In the case of State v. Pierfax, 158 La. 927, 105 So. 16, 18, we held that, "Even though a ruling of the trial judge be erroneous, it will not warrant the reversal of the verdict in the absence of some showing of resultant injury or prejudice. State v. Wren, 121 La. 55, 46 So. 99; State v. Waldron, 128 La. 559, 54 So. 1009, 34 L.R. A.,N.S., 809; State v. Higginbotham, 138 La. 366, 70 So. 328; State v. Hardy, 142 La. 1061, 78 So. 116; State v. Barnhart, 143 La. 596, 78 So. 975." State v. Dorsey, 207 La. 928, 22 So.2d 273.

■ In the instant case the State proved every element of the crime of negligent homicide, which is defined by LSA–R.S. 14:32 as the killing of a human being by criminal negligence. LSA–R.S. 14:12 defines criminal negligence as follows: "Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."

The record shows that the State proved beyond a reasonable doubt that the accused as a result of the negligent and excessively reckless operation of a motor vehicle did kill two human beings as charged. The admission of the irrelevant testimony relative to a fistic encounter can not be held to have been prejudicial to the rights of the accused.

For the reasons assigned, the verdict and sentence are affirmed.