170 So.2d 365

STATE of Louisiana

v.

Luther SMART.

No. 47246.

Dec. 14, 1964.

Rehearing Denied Jan. 18, 1965.

Ellis & Ellis, Carey J. Ellis, Jr., Rayville, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., E. Rudolph Mc-Intyre, Dist. Atty., William R. Coenen, Asst. Dist. Atty., for appellee.

HAMLIN, Jusice.

Luther Smart was indicted for the crime of carnal knowledge of a juvenile (a violation of LSA–R.S. 14:80); he was tried, convicted, and sentenced to serve three years in the State Penitentiary. He has appealed to this Court and presents for our consideration three bills of exceptions reserved during the course of trial, a motion in arrest of judgment, and a motion for a new trial, said motions having been denied by the trial court.

Bill of Exceptions No. One was reserved to the trial court's ruling which denied counsel for the defendant the right to introduce in evidence a stenographic transcript of the prosecuting witness's testimony given on a previous trial.

Counsel for the defendant avers that prior to reserving this bill, he was seeking to lay the proper foundation for impeaching the prosecutrix on the basis of her sworn testimony given in a prior case, wherein she testified that the act of intercourse with which the defendant is herein charged occurred at an entirely different time than that contended by the State herein. Counsel submits that the trial judge's ruling was erroneous, and that by reason thereof he was denied the right to prove contradictory sworn testimony on the part

of the prosecuting witness, a factor which may very well have weighed heavily with the jury in its deliberations.

In answer to a motion for a bill of particulars, the State alleged that the offense with which the defendant is charged occurred "Around 10:00 P.M.", November 3, 1963. The State also answered that it did not contend that the defendant committed any other acts of carnal knowledge upon the prosecuting witness except the one with which he was charged. Prior to trial, the district attorney was granted leave to amend the bill of particulars previously filed to show the time of the alleged crime as "3:00 A.M.", instead of "10:00 P.M.", on the morning of November 3, 1963; this change was agreed to by counsel for the defendant.

Quoted herein in its entirety, the trial judge's Per Curiam to Bill of Exceptions No. One clearly states the facts associated with its reservation:

"The testimony of * * * prosecuting witness (age 13), attached to this bill and the ruling of the Court are self-evident that the offering by counsel for defendant was inadmissible.

"In the matter styled, 'STATE VS. PRESTRIDGE,' tried February 24, 1964, this prosecuting witness was asked certain questions pertaining to a charge against this defendant. This trial being had on February 27th, which

questions and answers, in this Court's opinion, were inadmissible on the other trial, but no objection was made by the District Attorney and the questions and answers were incorporated in the record.

"In this trial, and relative to this Bill of Exception, counsel for the defendant asked the prosecuting witness certain questions relative to her testimony in the previous trial as to when the act of carnal knowledge between her and this defendant took place; allegedly, for the purpose of impeachment of the prosecuting witness.

"The ruling of this Court was, in effect, that on the trial the record of the previous trial of February 24 would be inadmissible in its entirety, but the Court did instruct counsel for the defendant to ask the prosecuting witness direct questions, and this Court would have permitted impeachment of the witness had she not answered these direct questions affirmatively, as follows, to-wit:

"(Page 3 attached testimony).

"'Q. Do you deny having said on trial here on Monday that the act of intercourse with Luther Smart on November 3rd was in the late afternoon, late evening of that date, Sunday, November 3, 1963?

" 'A. No, sir.

" 'Q. You don't deny that you said that?

" 'A. No, sir.

" 'Q. Then, does that mean that you might have said that you had the act of intercourse?

" 'A. Yes, sir.'

"The only point of contention being that this prosecuting witness in the former trial, according to the counsel for defendant, had said the act of intercourse with this defendant was late Sunday evening, instead of (as charged) early Sunday morning.

"On page 4 of this same attached testimony, the last question on said page:

" 'COURT: I will permit you to introduce in evidence her answer to a specific question that you asked her relative to Luther Smart. And only that. And no other part of it.

"For this Court's information, the Grand Jury of Richland Parish charged eight (8) different defendants with having carnal knowledge with this 13-year old girl. At the time this defendant was being tried two other defendants had already been tried and convicted, and the prosecuting witness being thirteen years of age and the chief witness in each case, it is remarkable that after three days of trials she could answer any question relative to what she had testified to three days earlier.

"For these reasons, and others not herein enumerated, the Court was of the opinion that Bill of Exceptions Number One was without merit."

Pertinent testimony which followed the testimony set forth in the above per curiam is as follows:

"Q. Now do you remember that you did say that you had the act of intercourse late Sunday evening?

\*    \*    \*    \*    \*    \*

"A. I don't remember.

\*    \*    \*    \*    \*    \*

"Court: I will permit you to introduce in evidence her Answer to a specific question that you asked her relative to Luther Smart. And only that. And no other part of it.

"Ellis: \* \* \* But there are several questions along this line with the details, the time and the place and all of those I want to get in now for purposes of impeachment.

"Court: Well I'm not going to permit you to play the record back.

"Ellis: Will you permit me to have the stenographic notes typed up as to this particular portion \* \* \*

"Court: And introduce the notes as evidence?

"Ellis: Yes sir.

"Court: No sir. ·

"Ellis: And to read it to the witness and ask if she did not answer thus and so, and to prove that she did by the Clerk of Court that took the testimony.

"Court: No sir."

LSA–R.S. 15:493 provides:

"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible."

The testimony attached to Bill of Exceptions No. One discloses that at times the prosecuting witness did not remember what she had stated at the previous trial, but her testimony set forth in the trial judge's per curiam, supra, definitely reflects that she did not deny having said on the previous trial that the act of intercourse occurred in the afternoon as opposed to the early hours of the morning. The jury had before it for its consideration what counsel for the defendant contends is a contradiction.

We do not find that the trial judge abused his discretion by not admitting in evidence the transcript of the prosecuting witness's testimony given at a prior trial. Defendant suffered no prejudice, LSA–R.S. 15:557; insufficient grounds have been shown for this Court's reversal.[1]

Bill of Exceptions No. One is without merit.

Bill of Exceptions No. Two was reserved to the trial court's ruling which sustained an objection advanced by the State to the following question propounded

1. "A ruling on evidence may be in itself. erroneous and yet disclose no such injury or prejudice to the defendant as would warrant the setting aside of the conviction. State v. Barnhart, 143 La. 596, 78 So. 975.

"In the case of State v. Pierfax, 158 La. 927, 105 So. 16, 18, we held that, 'Even though a ruling of the trial judge be erroneous, it will not warrant the reversal of the verdict in the absence of some showing of resultant injury or prejudice. State v. Wren, 121 La. 55, 46 So. 99; State v. Waldron, 128 La. 559, 54 So. 1009, 34 L.R.A.,N.S., 809; State v. Higginbotham, 138 La. 366, 70 So. 328; State v. Hardy, 142 La. 1061, 78 So. 116; State v. Barnhart, 143 La. 596, 78 So. 975.' State v. Dorsey, 207 La. 928, 22 So.2d 273." State v. Defiore, 231 La. 769, 92 So.2d 717.

to the prosecuting witness by counsel for the defendant:

"Mary you've been known to take things that didn't belong to you, haven't you?"

Counsel for the defendant avers that the purpose of the question was to examine the prosecutrix on a course of conduct tending to discredit her testimony.

The record does not reflect that the prosecuting witness had ever been charged with theft. Therefore, under the facts of the instant prosecution, the evidence sought to be elicited was not relevant. LSA–R.S. 15:435 and 441, 442. The trial judge did not abuse his discretion in sustaining the objection urged by the State. LSA–R.S. 15:369.

Bill of Exceptions No. Two is without merit.

Bill of Exceptions No. Three was reserved when the trial judge overruled an objection by counsel for the defendant to the following question propounded by counsel for the State to the prosecuting witness when she was on redirect examination:

"Inasmuch as Mr. Ellis has brought up the question, have you had more than one intercourse with Luther Brown—Luther Smart?"

After the objection was overruled, the following testimony was adduced:

"Q. (District Attorney) Did you answer that?

"A. Yes sir.

"Q. Then you have had more than one?

"A. Yes sir."

The indictment charged in part that on November 3, 1963, "Luther Smart, a male person above the age of 17 years, did violate LSA–R.S. 14:80 by committing carnal knowledge of * * * by having sexual intercourse with her consent, she being an unmarried female of the age of twelve years or over but under the age of seventeen years." As stated supra, the bill of particulars answered that the State intended to prove only one act of carnal knowledge with defendant.

Counsel for the defendant contends that the State was restricted in its proof to the one act of carnal knowledge alleged in the amended bill of particulars. He relies on State v. Bessar, 213 La. 299, 34 So.2d 785, and State v. Masino, 214 La. 744, 38 So.2d 622. In the Bessar Case, we said:

"The indictment returned by the jury in this case being in the short form prescribed by the Code of Criminal Procedure, the defendant was entitled to a bill of particulars setting out more specifically and in detail the offense charged, i. e., the facts upon which the prosecution is based, Article 235, as

amended, and this bill, when furnished, operated to limit the scope of proof on the trial by restricting the introduction of evidence to the proof of those facts set out in the bill of particulars. 31 Corpus Juris 752, § 310, 42 C.J.S. Indictments and Informations, § 156; 27 Am.Jur. 672, Section 112. See, also, the annotations at 8 A.L.R. 550 and 10 A.L.R. 982. Consequently, the court in considering the motion to quash the indictment must construe those facts as set out in the bill of particulars to be true and determine whether or not, if proved, they constitute the crime charged." (The Masino Case, supra, quoted the foregoing language from State v. Bessar, supra.) Cf., State v. Dugan, 229 La. 668, 86 So.2d 528; State v. Picou, 236 La. 421, 107 So.2d 691.

In both the Bessar Case and the Masino Case, the court was concerned with motions to quash indictments drawn in the short form. LSA–R.S. 15:235. Herein, the State was not extending the scope of proof; it was merely offering corroborative evidence. In his Per Curiam to Bill of Exceptions No. Three, the trial judge states:

"At the time this question was asked, the prosecuting witness had been asked on cross-examination whether or not she had had sexual relations with various people, and the times and dates.

"In the opinion of this Court, testimony to sexual intercourse previous to act charged was admissible as corroboration in prosecution for intercourse with unmarried female. STATE VS. MISCHIRO, 165 La. 705; 115 So. 909."

In the Mischiro Case, supra, this Court stated:

"Another complaint of defendant is that the court permitted the prosecuting witness to testify over his objection to acts of sexual intercourse, committed previous to the one charged, which the witness claimed defendant had with her. In a prosecution for the offense of unlawful sexual intercourse, other acts between the same individuals than the one charged are admissible in corroboration of the latter. There is no merit in the objection. * * *"

In the case of State v. Ferrand, 210 La. 394, 27 So.2d 174, 167 A.L.R. 559, we said:

"It is a general rule that evidence of offenses unrelated to the crime with which the accused is charged will be excluded. To admit such evidence ordinarily would subject the accused to charges against which he is unprepared to offer a defense and thereby greatly prejudice him. But by the great weight of authority (there are a few cases to the contrary) an exception to the rule is recognized in the trial of

sexual offenses, including incest, carnal knowledge, adultery, fornication, and rape. Under the exception evidence of previous acts or attempted acts of intercourse by the accused with the prosecutrix, at a time not too far remote, is relevant and admissible for corroborative purposes and to show a lustful disposition, notwithstanding that such acts are, in and of themselves, crimes. * * *" Cf. State v. Reinhardt, 229 La. 673, 86 So.2d 530.

We conclude that the ruling of the trial judge, which permitted the prosecutrix to answer the question as to whether she had had prior relations with the defendant, was correct. He did not abuse his discretion in admitting the evidence as corroborative; especially because of the evidence adduced prior to the instant testimony, the defendant suffered no prejudice.

Bill of Exceptions No. Three is without merit.

Bill of Exceptions No. Four, which is not argued in defendant's brief, was reserved to the trial court's refusal to sustain a motion in arrest of judgment.

Counsel for the defendant alleged that there were manifest errors in the record and that, therefore, the record was incomplete.

We find no merit in counsel's contention; there is no error patent on the face of the record. LSA–R.S. 15:517.

Bill of Exceptions No. Four is without merit.

The motion for a new trial sets forth nothing new for our consideration. It states that the verdict is contrary to the law and evidence, and that error was committed to the prejudice of the accused as reflected by Bills of Exceptions Nos. One, Two and Three, together with excerpts from the note of evidence and exhibits. Under its averments, the motion is without merit.

For the reasons assigned, the conviction and sentence are affirmed.