259 So.2d 307 (1972)
261 La. 237
STATE of Louisiana
v.
Albert PICKETT.
No. 51910.
Supreme Court of Louisiana.
March 8, 1972.
Rehearing Denied April 6, 1972.
*308 Burton, Roberts & Ward, Allen J. Bergeron, Jr., Joseph Perrault, Jr., Baton Rouge, for defendant-appellant.
Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Donald L. Beckner, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendant, Albert Pickett, appeals from a conviction of Armed Robbery, La.R.S. 14:64, for which he was sentenced to serve twenty (20) years in the State Penitentiary.
The defendant reserved and perfected four bills of exceptions which he asserts here on appeal. These four bills all relate to an amendment to the bill of information during the trial. The trial court permitted the State to amend the bill of information regarding the date on which the alleged crime took place.
The original information stated the crime took place on October 11, 1969. During the trial, it became evident the crime had been committed on a Thursday, and that Thursday was October 9, 1969. The defendant maintains the amendment should not have been allowed, as he had an alibi for October 11, 1969; therefore, the date became an essential element in charging the crime. He contends that the court should have declared a mistrial rather than permit an amendment to a defect of substance. La.C.Cr.P. art. 487.
We find all four bills lack merit. Time is not an essential element to the offense armed robbery. La.R.S. 14:64. The information was not insufficient for not stating the proper date, as the date is not essential to the offense. La.C.Cr.P. art. 468. Therefore, the trial court has the authority at any time to cause the information "to be amended in respect to any such formal defect, imperfection, omission, or uncertainty." La.C.Cr.P. art. 487.
Furthermore, the trial judge adverted to the surprise caused the defendant by the amendment, as the prepared defense was based upon an alibi for the date of October 11, 1969, for he offered to grant the defendant a continuance in order to prepare a defense to the amended date. The offer of a continuance was expressly waived by the defense.
*309 Regarding the subsequent admission into evidence of testimony by previous witnesses who had stated the crime took place on October 11, 1969, changing their testimony to October 9, 1969, no error was committed. This was a matter of credibility of witnesses for the jury to decide. After allowing the amendment to the bill of information, the trial judge correctly admitted evidence with respect to the variance. La.C.Cr.P. art. 488. We find no abuse of the trial court's discretion to permit additional evidence prior to argument. La.C.Cr.P. art. 765(5).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., dissents.
BARHAM, Justice (concurring).
With grave doubts I concur instead of dissenting. I do so because of the particular circumstances of this case in the face of the fact that my probable conclusion of law would preclude an examination of the facts.
The amendment to the information was offered not during the State's case in chief but only after the State had rested and the defense had established by the testimony of its first alibi witness, the warden of the jail, that the defendant was in jail on the day charged in the information as the day of the armed robbery. In fact, the defendant was in jail supposedly charged with committing this armed robbery, which necessarily had occurred earlier.
Although the date is not an essential element in the crime of armed robbery, the alibi defense here made it a matter of substance in this information. The date, under these circumstances, established or failed to establish that the defendant could in fact, did in fact, commit this crime. The most essential element in charging any crime is that the accused, the defendant, committed the offense. When date becomes essential for the determination of whether a particular accused did or could commit the offense, can the date be said to be less a matter of substance than the elements of the offense listed in its statutory definition?
I cannot so strictly construe "a defect of substance" in Code of Criminal Procedure Article 487 to include only the defects in charging essential elements of the crime named in the statutes. Other elements may become matters of substance in the crime charged because of circumstances arising during the trial and especially by way of defense; and certainly at some point an indictment or information cannot be changed substantively in these regards to defeat a defense after the State has rested. Code of Criminal Procedure Article 488 appears to limit the right of amendment of an indictment to conform to the evidence to the State's case in chief, for it states that the court may order the amendment "* * * and then admit the evidence". Only rebuttal evidence is admissible after the State rests unless Code of Criminal Procedure Article 765(5) can be invoked.
Let me pose an analogy without the particular hard facts of this case. The date is not essential to charge the crime of carnal knowledge of a juvenile. However, if, after the State rests its case in chief, the age of the victim becomes the defense to the crime for the age of consent depends and turns upon the exact date of the offense (age 16 or 17, hinging upon perhaps only a one-day difference), has not the date of the offense become essentialsubstantive since it will establish age and age is an essential element of that crime?
What poses the dilemma for me in the case before us is that the question of affirmance or reversal turns entirely upon a determination of whether the date has become "a defect of substance". If it has, Code of Criminal Procedure Article 487 forbids a court to look further for prejudice or for harmless error. That article states: "After the trial begins a mistrial *310 shall be ordered on the ground of a defect of substance."[*] (Emphasis supplied.)
While I find it difficult not to hold the defect in the instant case to be one of substance and believe that if it is, reversal is commanded, I nevertheless concur because of the particular facts of this case.
NOTES
[*] The case of State v. Singleton, 169 La. 191, 124 So. 824, supports the view that the alibi defense makes a date charged in the indictment if defective a defect of substance. That case was decided under our 1928 Code of Criminal Procedure Article 253, former R.S. 15:253, which required that after an amendment of substance "the accused shall on his motion be entitled to a discharge of the jury". The discharge of the jury is our mistrial under our present Code of Criminal Procedure Article 487. The Supreme Court in Singleton held that an alibi defense required the trial court to grant defendant's motion for discharge of the jury and a postponement of the trial. I do not agree with this holding, however, because the error in date was there discovered in examination of the State's first witness, and I believe that at that point it was only an error of form which upon amendment would have entitled the defendant only to a continuance if he was prejudiced.