BARHAM, Justice
(concurring).
With grave doubts I concur instead of dissenting. I do so because of the particular circumstances of this case in the face of the fact that my probable conclusion of law would preclude an examination of the facts.
The amendment to the information was offered not during the State’s case in chief but only after the State had rested and the defense had established by the testimony of its first alibi witness, the warden of the jail, that the defendant was in jail on the day chargéd in the information as the day of the armed robbery. In fact, the defendant was in jail supposedly charged with committing this armed robbery, which necessarily had occurred éárlier.
Although the date is not an essential element in the crime of armed robbery, the alibi defense here made it a matter of substance in this information. The date, under these circumstances, established or failed to establish that the defendant could in fact, did in fact, commit this crime. The most essential element in charging any crime is that the accused, the defendant, committed the offense. When date becomes essential for the determination of whether a particular accused did or could commit the offense, can the date be said to be less a matter of substance than the elements of the offense listed in its statutory definition ?
I cannot so strictly construe “a defect of substance” in Code of Criminal Procedure Article 487 to include only the defects in charging essential elements of thé crime named in the statutes. Other elements may become matters of substance in the crime charged because of circumstances arising during the trial and especially by way of defense; and certainly at some point an indictment or information cannot be changed substantively in these regards to defeat a defense after the State has rested. Code of Criminal Procedure Article 488 appears to limit the right of amendment of an indictment to conform to the evidence to the State’s case in chief, for it states that the court may order the *244 amendment “ * * * and then admit the evidence”. Only rebuttal evidence is- admissible after the State rests unless Code of Criminal Procedure Article 765(5) can be invoked.
Let me pose an analogy without the particular hard facts of this case. The date is not essential to charge the crime of carnal knowledge of a juvenile. However, if, after the State rests its case in chief, the age of the victim becomes the defense to the crime for the age of consent depends and turns upon the exact date of the offense (age 16 or 17, hinging upon perhaps only a one-day difference), has not the date of the offense become essential — substantive —since it will establish age and age is an essential element of that crime ?
What poses the dilemma for me in the case before us is that the question of affirmance or reversal turns entirely upon a determination of whether the date has become “a defect of substance”. If it has, Code of Criminal Procedure Article 487 forbids a court to look further for prejudice or for harmless error. That article states: “After the trial begins a mistrial shall be ordered on the ground of a defect of substance.” * (Emphasis supplied.)
While I find it difficult not to hold the defect in the instant case to be one of substance and believe that if it is, reversal is commanded, I nevertheless concur because of the particular facts of this case.

 The ease of State v. Singleton, 169 La. 191, 124 So. 824, supports the view that the alibi defense makes a date charged in the indictment if defective a defect of substance. That case was decided under our 1928 Code of Criminal Procedure Article 253, former R.S. 15:253, which required that after an amendment of substance “the accused shall on his motion be entitled to a discharge of the jury”. The discharge of the jury is our mistrial under our present Code of Criminal Procedure Article 487. The Supreme Court in Singleton held that an alibi defense required the trial court to grant defendant’s motion for discharge of the jury and a postponement of the trial. X do not agree with this holding, however, because the error in date was there discovered in examination of the State’s first witness, and I believe that at that point it was only an error of form which upon amendment would have entitled the defendant only to a continuance if he was prejudiced.