BARRY, Judge.
The defendant was convicted of receiving stolen things, La.R.S. 14:69, and sentenced as a multiple offender to three and one-third years at hard labor.
Defendant was seen driving a stolen jeep. He did not have an ignition key and a witness testified he “started it somewhere down under there”. He was later observed parking the jeep in a wooded area. He claimed a bottle of wine which was in the vehicle.
The only assignment contends it was error to permit a substantive amendment to the bill of information after trial began. Following opening statements the district attorney moved that the language “did illegally and intentionally procure, receive and conceal” be amended to “did illegally and intentionally procure, receive or conceal”. Defense counsel’s objection was overruled, but he did not move for a continuance or request a mistrial. He asserts the change from “and” to “or” is one of substance which lessened the state’s burden.[1]
Defendant relies on State v. Singleton, 169 La. 191, 124 So. 824 (1929) where after trial started the indictment’s date of a larceny was amended to two days earlier. The court found prejudice because the change obviously affected the alibi defense. Singleton is inapplicable.
Similar to this case is State v. Roberts, 278 So.2d 56 (La.1973) where the defendant was charged with unlawful delivery of drugs. The state moved to amend the information from “distribute” to “deliver or cause to be delivered”. The court noted the amendment was “more in the nature of a clarification and was not an amendment of substance”.
Defense counsel said during trial that the language of R.S. 14:69 takes precedence over the information, and he did not prepare his case based on the information. The defendant failed to show the “defect” was substantial or that he was prejudiced. Nor was there a request for a mistrial or continuance.
The conviction and sentence are affirmed.
AFFIRMED.

. La.C.Cr.P. Art. 487 in pertinent part provides:
A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or ommission of, any matter of form only, or because of any miswriting, misspelling or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.