(90 South. 404)

No. 24994.

## STATE v. McCOLLOUGH.

(Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⟨⟩369(8), 371(9, 12) — Evidence of other acts of carnal knowledge admissible as corroboration and to show motive and intent.**

On a trial for having carnal knowledge of an unmarried female below the age of consent, evidence of similar acts with the same girl at other times was admissible to corroborate the proof made to sustain the charge, and to show motive and intent.

2. **Witnesses ⟨⟩277(4) — Question on cross-examination as to writing of letter, held competent to rebut direct testimony.**

Where defendant in his testimony in chief denied the charge of carnal knowledge of a female under the age of consent, and testified that during an absence in Texas subsequent to the alleged offense he had written his wife and received letters from her, cross-examination as to whether he wrote and mailed to the brother of the prosecuting witness while in Texas a letter shown him and containing statements tending to show his relations with the prosecuting witness, and a request that the addressee should not tell his wife of its receipt because she would not write to him, *held* properly permitted as rebutting his testimony in chief.

3. **Criminal law ⟨⟩1170(4)—Exclusion of evidence cured by subsequent admission.**

The exclusion of evidence claimed to show improper relations between the prosecuting witness and other persons, if error, was cured, where the court subsequently ruled that the door had been opened by the state, and permitted defendant to recall the witnesses and introduce such evidence.

4. **Criminal law ⟨⟩722(2)—Comment in argument on fact that defendant's wife and children were in court held not improper.**

On a trial for carnal knowledge of a girl under the age of consent, where defendant's wife had testified in his favor, the remark of the district attorney in his argument calling attention, as showing the manner of man defendant was, to the fact that he allowed his wife and children to remain in court "to witness the degrading testimony adduced against him," was not improper, as it was only a comment on

facts of which the jury doubtless knew, especially where accused was a witness in his own behalf.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Jerry Cline, Judge.

Dock McCollough was convicted of an offense, and he appeals. Affirmed.

Kay & Plauche, of De Ridder, for appellant.

A. V. Coco, Atty. Gen., and Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendant appeals from a conviction and sentence under a charge of having carnal knowledge of an unmarried female below the age of consent. The errors assigned are covered by four bills of exception.

## Bill No. 1.

[1] The first bill was reserved to the overruling of an objection to testimony showing acts of carnal knowledge with the prosecuting witness and at times different from the one charged in the bill. The per curiam informs us that the evidence was admitted to corroborate the proof made to sustain the charge in the bill, and to show motive and intent. This ruling was in line with the decisions of this court, as well as the text-books on criminal law and criminal evidence. State v. Wichers (No. 24738) 89 South. 883.[1] See, also, State v. De Hart, 109 La. 570, 33 South. 605; Underhill's Crim. Ev. §§ 381, 396, and 415; Wharton's Crim. Law (11th Ed.) vol. 1, p. 139; McLain's Crim. Law, vol. 2, p. 285, § 1124.

## Bill No. 2.

[2] Bill No. 2 complains of the overruling of an objection to the following question

---

[1] *Ante,* p. 643.

asked the accused on cross-examination, on the ground that it was not upon any matter brought out on his direct examination, to wit:

"Q. (handing letter to witness). Did you not write and sign this letter and mail it to Noble Creel at Merryville, La.?"

The per curiam of the judge recites:

"The defendant had testified fully in chief as to the charge against him, denying the charge, claiming that at the time of the alleged commission of the acts he was at work a mile away, and declaring that during an absence in Texas subsequently he had written to his wife and received letters from her. On cross-examination, and over objection by counsel, he identified the letter in question as having been written by him during the same absence in Texas to Noble Creel, brother of the prosecuting witness. The letter contained a request not to tell defendant's wife of its receipt, because she would not write to him. It contained also statements tending to show his relations with the prosecuting witness. Upon both points it was in direct rebuttal of his testimony in chief."

In these circumstances the ruling was correct.

### Bill No. 3.

[3] This bill is to test the ruling of the lower court excluding evidence by which it was sought to show that the prosecuting witness had had sexual intercourse with persons other than the accused, and that a conspiracy had been formed between her, her mother, and a third person to charge defendant with the crime, when in fact the third person in the conspiracy, Clint Nelson, had committed the offense. The per curiam is as follows:

"All of the evidence contained in the bill of exceptions was first excluded by the court until the state put Clint Nelson on the stand and asked him whether or not he had ever committed an offense with Edna Creel, which he answered in the negative. Whereupon the court ruled that the door had been opened by the state, and before the trial was over allowed the defendant to recall the witnesses, and all of the evidence contained in the bill which was first excluded was then admitted by the court."

The error, if any, was therefore cured.

### Bill No. 4.

[4] The last bill was reserved to the following remarks of the district attorney made in his opening argument, to wit:

"Now, to convince you of the manner of man which you have to deal with in this case, I call your attention to the fact that the defendant allowed his wife and little children to remain throughout the trial in court, inside the railing, to witness the degrading testimony adduced against him."

We are informed by the judge that the wife of the defendant was a witness in his behalf, and remained inside the bar during the trial. The objection was that the matter referred to was not part of the record, and was an attempt to prejudice the jury against defendant.

The circumstances to which the district attorney referred were already apparent to the jury, who had undoubtedly observed that defendant's wife was a witness, and that his children were present, if such were the fact. If so, then the counsel was only commenting on a situation of which the jury could take cognizance, or had the right to do so, especially in view of the fact that accused was a witness in his own behalf, and the discussion was relevant to that extent, as affecting his credibility as a witness. State v. Fourchy, 51 La. Ann. 228, 25 South. 109; State v. Williams, 107 La. 789, 32 South. 172; State v. Forbes, 111 La. 473, 35 South. 710; State v. Jones, 51 La. Ann. 103, 24 South. 594.

Finding no other error, the verdict and sentence appealed from are affirmed.