ST. PAUL, J.
 

 The defendant was convicted of having carnal knowledge of an unmarried female under the age of 18 years, with her consent. Act 192 of 1912. His appeal presents fifteen bills of exception;
 

 Bills Nos. .1 and 2 relate to the refusal of the trial judge to permit defendant, after pleading not guilty, to withdraw his said-plea and file a motion to quash the indictment on the ground that Act 192 of 1912 does not define any crime, the words “carnal' knowledge” having no fixed and certain meaning.
 

 Leave to withdraw a plea of not guilty to afford opportunity to file a motion to-quash the indictment rests in the discretion of. the trial judge, and his refusal will not be-interfered with except for clear abuse of such discretion. State v. Foster, 150 La. 971, 91 So. 411.
 

 In this case the trial judge did not abuse his discretion, since the motion to quash on the grounds set forth was wholly without merit, for the. words “camal knowledge” have a well-known and certain meaning, and hence Act 192 of 1912 clearly defines-the offense which it denounces. State v. Normandale, 154 La. 527, 97 So. 798.
 

 II.
 

 Bill No. 3 was reserved to the action of the trial judge in reopening the trial of a motion to quash the venire of petit jurors,, so as to permit the state to adduce additional evidence as to the identity of certain jurors.
 

 It was a matter wholly within the sound discretion of the trial judge whether he-would or would not permit additional evidence upon such an issue in furtherance of truth and orderly proceeding. State v. Rose. 33 La. Ann. 932.
 

 III.
 

 Bills 4, 5, 6, and 7 all relate to the identification ■ of certain petit jurors whose-names had been misspelled on the jury lists. It is not even suggested that the j-urors who-appeared were not the identical persons listed. The bills aré without merit.
 

 
 *723
 
 IV.
 

 Bill No. 8 was taken to the action of the court in allowing the state to correct in the indictment the spelling of the word “eighteen” which appeared written “ighteen [omitting the initial e].”
 

 This was not even an amendment of the indictment but a mere correction of a formal error, which might be permitted at any time. Rev. Stat. 1870, §§ 1047, 1064. Cf. State v. Thompson, 137 La. 547, 68 So. 949.
 

 V.
 

 Bill No. 9 was reserved to the action of the trial judge in placing defendant on trial before a jury of five.
 

 As the offense with which defendant was charged is punishable by imprisonment either with or without hard labor (Act 192 of 1912), it follows that he was properly tried by a jury of five; since
 
 the punishment may be at hard labor.
 
 Const. 1921, art. 7, § 41, p. 50.
 

 VI.
 

 Bill No. 10. The date of the offense having been fixed as July 8, 1925, the defendant objected to any evidence as to the relations between himself and c the prosecuting witness at any other time.
 

 It is true that, since the offense was charged as of July 8, 1925, the state was bound to show that it occurred on that date, but evidence as to the relations between the defendant and the prosecuting witness on other occasions around and near that date was admissible to corroborate the testimony of the prosecuting witness that the offense had been committed on that date. State v. Ouzts, 162 La. 340, 110 So. 497.
 

 VII.
 

 Bill No. 11. The defendant objected to the following question put to the prosecuting witness, as being leading and suggestive, to wit: “Did you all have intercourse with each other on or about July 8, 1925 [the date charged in the indictment] ?
 

 It is within the sound discretion of the trial court to permit leading questions “where it deems such course necessary or advisable,” and error cannot be predicated upon such ruling in the absence of palpable abuse of such discretion. 40 Cyc. 2427, 2429, verbo, “Witness.”
 

 Moreover the question was
 
 not
 
 leading and suggestive. It called for a categorical answer, but that answer might be either “Yes” or “No,” and there was no suggestion therein how the witness should answer. The question was
 
 direct
 
 but not leading. State v. Hollingsworth, 160 La. 26, 33, 106 So. 662. In State v. Black, 42 La. Ann. 861, 862, 8 So. 594, this court said:
 

 “The question [as to threats made by the accused against the deceased] was in the usual form and was not leading, as it did not suggest the answer. The instructions of the district attorney to the witness to answer the question
 
 yes
 
 or
 
 no
 
 were not objectionable.”
 

 See, also, State v. Sullivan, 159 La. 589, 598, 105 So. 631.
 

 VIII.
 

 Bill No. 12. The defendant objected to a charge given to the jury that, where the indictment negatives the prescription under Act 73 of 1898 (now Act 67 of 1926), the burden of proof lies
 
 on the defendant
 
 to show that the offense had been brought to the knowledge of an officer authorized to prosecute therefor more than one year before the filing of the indictment or information. But the charge so given was strictly correct. State v. Posey, 157 La. 55, 101 So. 869.
 

 IX.
 

 Bills of exception Nos. 13 and 14 relate to defendant’s motions for a new trial and in arrest of judgment. They raise no new points except (1) alleged newly discovered evidence, which impresses us no more than it impressed the trial judge; and (2) an attack
 
 *725
 
 upon the constitutionality of Act 192 of 1912 on the ground that the body of the statute does not correspond with the title thereof.
 

 The title of the statute indicates a purpose to make the offense a. “felony,” and the body of the statute provides that the offense shall be punishable by imprisonment
 
 with or without
 
 hard labor. Hence the offense is
 
 subject to
 
 an infamous punishment, and is therefore
 
 a felony.
 
 State v. Hutchinson, 163 La. 146, 111 So. 656. So that the body of the statute corresponds with the title, and is not open to constitutional objection on the ground stated.
 

 Bill No. 15 is without merit and has not been pressed.
 

 X.
 

 The brief filed on behalf of defendant contains two “specifications of error” not elsewhere set forth, viz.:
 

 (1) That the verdict finds the defendant “gilty”; the
 
 u
 
 being omitted from the word “guilty.” But bad
 
 spellmg
 
 will not vitiate a verdict when the meaning thereof is clear. State v. Green, 161 La. 620, 109 So. 143; State v. Florez, 5 La. Ann. 429.
 

 (2) That there is nothing in the minutes of court to show the impaneling of the grand jury or that the indictment was returned in open court.
 

 (a) The transcript herein brought up by the defendant appellant himself begins with the minutes of the day on which he was called for arraignment (March 28, 1927) and hence does not contain any mention of what occurred at previous sessions of the court. The indictment, however, is marked “Filed Sept. 11th, 1926,” and, since defendant made no objection thereto at any time in the lower court, where the true facts were readily available to him, the presumption is that the indictment was either returned in open court or filed with the, clerk whilst the court was not in session under the provisions of Act 135 of 1898, § 9. Cf. State v. Vial, 153 La. 883, 96 So. 796.
 

 (b) As to any supposed irregularity in the impaneling of the grand jury, that should have been raised in the lower court by motion to quash the indictment before entering upon the trial; it is entirely too late to raise that question on appeal or after verdict. “Generally the plea of not guilty is a waiver of all right to take advantage of defects in the organization of the grand jury, as objection should be interposed before a plea to the merits. So an objection to an irregularity in the formation of a grand jury cannot be raised for the first time on appeal or error.” 12 R. C. L. 1029, verbo, “Grand Jury,” § 16.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.