27 So.2d 174

**STATE v. FERRAND.**

No. 37934.

Feb. 11, 1946.

On Rehearing May 27, 1946.

Rudolph F. Becker, Jr., of New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and James P. O'Connor, Jr., Dist. Atty., and Joseph F. Monie, Asst. Dist. Atty., both of New Orleans, for appellee.

FOURNET, Justice.

The defendant, Victor Ferrand, was tried on a charge of aggravated rape and is appealing from his conviction by the jury of attempted aggravated rape and his sentence thereunder to serve three years at hard labor, relying for the reversal thereof on the single alleged error committed during the trial of the case, i.e., the action of the trial judge in overruling his objection (that was based on the fact that he was only prepared to defend himself on the charge of having committed the offense on September 12, 1944, the date alleged in the indictment) to the testimony of the prosecuting witness with reference to the commission of a similar offense on September 4, 1944.

"The general rule excluding evidence that accused committed other offenses is subject to a number of exceptions, as where such evidence tends directly or fairly to prove his guilt of the crime charged, or to connect him with it, or to rebut the defensive theory or a special defense, or to establish the absence of mistake or accident, or where the crime charged and the other offense are closely related or connected;

and evidence otherwise competent to establish accused's guilt of the crime charged is not inadmissible because it incidentally tends to prove him guilty of another crime." 22 C.J.S., Criminal Law, § 683, p. 1089. The rule should be very strictly enforced and should never be departed from unless the evidence falls under one of these exceptions and thus clearly justifies such a departure. 16 C.J. 587, Section 1133.

The trial judge said in his reasons for overruling the defendant's objection to the admission of the evidence that he permitted it because "the State has a right to show, if it can, the probability or improbability of the prosecuting witness' story, and also for the purpose of corroborating her testimony."

The evidence was clearly inadmissible in this case. The mere statement by the prosecuting witness that she was first raped by the accused on September 4 certainly does not prove the offense allegedly committed on September 12 and such evidence is therefore immaterial and irrelevant to the issue in the case. Inasmuch as there was no other issue present in the case that would make the evidence objected to material or relevant, it was inadmissible in this case because from the very nature of the crime its commission carried with it the elements of guilty knowledge, intent, and motive, and negatived the possibility that it was committed through inadvertence. See 16 C.J. 588, Sections 1134, 1135, 1136, 1137, 1138, 1139, and 1140; 22 C.J.S., Criminal

Law, §§ 683–688; State v. Cupit, 189 La. 509, 179 So. 837.

While under the provisions of Article 557 of the Code of Criminal Procedure the verdict of a jury should never be set aside for the improper admission or rejection of evidence "unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right," we feel that because people generally are prone to view the crime of rape with great revulsion and prejudice, the probability that an added prejudice has resulted by permitting evidence of another such incident that is entirely independent of the one charged is so great that a miscarriage of justice might well be the result that we should never admit the evidence of the other crime in a case such as this unless such admission must be permitted under the above well-established exceptions to the general rule.

It is our opinion, therefore, that the refusal of the judge to sustain defendant's objection to the admission of evidence relative to the previous crime, although of a similar nature, was prejudicial to the constitutional rights of the accused guaranteeing him a fair trial.

The cases relied on by the state are not apposite to this holding for all of them

deal with carnal knowledge, often referred to in other jurisdictions as statutory rape, or are cases where the elements of intent, motive, identity, or doubt as to the commission of a different crime than the one contemplated were at issue.

For the reasons assigned the conviction and sentence of the defendant are annulled and set aside and the case is remanded for a new trial, in accordance with law.

## On Rehearing

HAMITER, Justice.

After our further consideration of this case, in which the accused was indicted for aggravated rape of an eleven year old female on September 12, 1944, and was convicted of the offense of attempted aggravated rape, we have reached the conclusion (contrary to that expressed by us on the original hearing) that the trial court correctly permitted the prosecutrix to testify to defendant's commission of rape upon her on September 4, 1944, eight days prior to the date charged in the indictment.

During the trial defense counsel objected to such testimony on the ground that it was irrelevant and immaterial, insisting that he was not prepared to defend an offense committed on a date other than September 12, 1944. The assertion of unpreparedness was unaccompanied by a motion for a continuance. The judge ruled that the evidence was relevant and admissible to show "the probability or improbability of the prosecuting witness' story,

and also for the purpose of corroborating her testimony." And in connection with the ruling he specifically instructed the jury that the "State is obliged to prove its allegations as laid down in the bill of indictmen‘ ´

█ It is a general rule that evidence of offenses unrelated to the crime with which the accused is charged will be excluded. To admit such evidence ordinarily would subject the accused to charges against which he is unprepared to offer a defense and thereby greatly prejudice him. But by the great weight of authority (there are a few cases to the contrary) an exception to the rule is recognized in the trial of sexual offenses, including incest, carnal knowledge, adultery, fornication, and rape. Under the exception evidence of previous acts or attempted acts of intercourse by the accused with the prosecutrix, at a time not too far remote, is relevant and admissible for corroborative purposes and to show a lustful disposition, notwithstanding that such acts are, in and of themselves, crimes. Wharton's Criminal Evidence, 11th Ed., Section 356; Underhill's Criminal Evidence, 4th Ed., Section 186; Wigmore on Evidence, 3d Ed., Section 398; Jones, Commentaries on Evidence, 2d Ed., Section 623; 22 C.J.S.Criminal Law, § 691.

That the mentioned exception to the general rule has been often recognized and applied in Louisiana is disclosed by the following observations contained in former decisions of this court.

"The state offered to show acts of carnal intercourse by the defendant with his daughter prior to the time alleged in the bill of indictment, and also proved the same intercourse within the time laid in the indictment. Evidence showing prior acts was objected to and a bill taken to its admission.

"The ruling of the court was not erroneous. The prisoner was not sought to be convicted on the prior acts, but proof of the same was admissible as tending to establish commencement and continuance of the intercourse down to the time laid in the indictment. For this purpose the testimony was properly received.

"'Prior acts of incest between the same parties may always be proved.' Underhill on Crim. Ev., § 396. See, also, A. & E. Ency. of Law (2d Ed.), vol. 16, p. 139; McLains' Crim. Law, vol. 2, p. 285, § 1124." State v. DeHart, 109 La. 570, 33 So. 605, 608.

"Defendant relies on 3 Rice on Evidence, § 157. This section states the general rule that the commission of one offense is not admissible to prove another. However, that rule has its exceptions, and one of them is that in sexual crimes other acts than the one charged are admissible as corroborative evidence. To quote from the same authority:

"'The general rule undoubtedly is that one crime cannot be proved in order to establish another independent crime, but this rule does not apply to cases where the chief element of the offense consists in illicit intercourse between the sexes. The decisions all agree that the sexes are not within the rule.' 3 Rice on Evidence, § 531, p. 844." State v. Wichers, 149 La. 643, 89 So. 883, 884.

"The first bill was reserved to the overruling of an objection to testimony showing acts of carnal knowledge with the prosecuting witness and at times different from the one charged in the bill. The per curiam informs us that the evidence was admitted to corroborate the proof made to sustain the charge in the bill, and to show motive and intent. This ruling was in line with the decisions of this court, as well as the text-books on criminal law and criminal evidence." State v. McCollough, 149 La. 1061, 90 So. 404, 405.

"Eleven of said bills relate to the admission of certain evidence. That evidence bore upon the number of times defendant had illicit relations with said L. S., whether they were then engaged to be married, whether the (approximate) date given in the indictment was the first time, how long the relations continued, if and when a child was born to said L. S., whether defendant had knowledge of her pregnancy, whether he had admitted his relations with her, and defendant's letters to her during the continuance of those relations.

"All of which clearly bore upon the intimacy existing between the parties at

the time of the alleged offense and upon the surrounding circumstances thereof; and hence was clearly admissible to corroborate the testimony of the prosecuting witness and to impeach the defendant's denial thereof." State v. Ouzts, 162 La. 340, 110 So. 497.

"The date of the offense having been fixed as July 8, 1925, the defendant objected to any evidence as to the relations between himself and the prosecuting witness at any other time.

"It is true that, since the offense was charged as of July 8, 1925, the state was bound to show that it occurred on that date, but evidence as to the relations between the defendant and the prosecuting witness on other occasions around and near that date was admissible to corroborate the testimony of the prosecuting witness that the offense had been committed on that date." State v. Fuller, 164 La. 718, 114 So. 606, 608.

"Another complaint of defendant is that the court permitted the prosecuting witness to testify over his objection to acts of sexual intercourse, committed previous to the one charged, which the witness claimed defendant had with her. In a prosecution for the offense of unlawful sexual intercourse, other acts between the same individuals than the one charged are admissible in corroboration of the latter. There is no merit in the objection." State v. Mischiro, 165 La. 705, 115 So. 909, 910.

"The element of intent is an essential ingredient of the crime of assault with intent to commit rape, and the particular intent with which the assault is made may be shown by proof of any facts or circumstances tending to establish such intent. 52 C. J., Rape, § 85, p. 1058." State v. Cupit, 189 La. 509, 179 So. 837, 839.

It is true that in none of the above-cited Louisiana cases was defendant charged with aggravated rape, as here; the offense involved in the majority of them was carnal knowledge with an unmarried female under the age of 18 years. Nevertheless, there appears to be no good reason why the doctrine announced and applied therein is not controlling in the present case.

In an effort to avoid the effect of that doctrine, defense counsel argued orally (he filed no brief in this court either on the original hearing or on this rehearing) that in the completed crime of aggravated rape, with which this accused is charged, an intent, motive, design or system is not a necessary element and therefore the testimony of the prosecutrix as to the previous relations of defendant with her is of no pertinency or importance. We do not understand that the testimony was admitted by the trial judge to prove any of the suggested elements; he permitted its introduction for corroborative purposes and to show probability of the commission of the offense charged. But if it had been ruled admissible as proof of intent or design, its materiality and relevancy in this case

would be obvious. A separate but lesser grade of the offense of aggravated rape, and responsive to a charge for that crime, is an attempt to commit aggravated rape. It was for the latter crime, concerning the law of which the judge was obliged to instruct the jury (Article 386 and 387 of the Louisiana Code of Criminal Procedure), that the defendant was convicted. An essential element of that lesser crime is a specific intent to commit the greater (Article 27 of the Louisiana Criminal Code), and for the purpose of showing such intent the evidence in question was admissible.

Cases involving sexual offenses from other jurisdictions in which the above-mentioned exception was recognized, applied, and thoroughly discussed include People v. Gray, 251 Ill. 431, 96 N.E. 268; People v. O'Sullivan, 104 N.Y. 481, 10 N.E. 880, 58 Am.Rep. 530; People v. Thompson, 212 N.Y. 249, 106 N.E. 78, L.R.A.1915D, 236, Ann.Cas.1915D, 162; McMichen v. State, 62 Ga.App. 50, 7 S.E.2d 749; State v. Carpenter, 124 Iowa 5, 98 N.W. 775.

For the reasons assigned the conviction and sentence appealed from are affirmed. The right to apply for a rehearing is reserved to defendant.

O'NIELL, C. J., dissents.

FOURNET, J., dissents and assigns written reasons.

KENNON, J., takes no part.

On Rehearing

FOURNET, Justice (dissenting).

It is the universally accepted rule that when a person is on trial for his life or his liberty any evidence relative to other offenses committed by him is inadmissible. The reason for this rule is primarily that such evidence is not relevant to the issues of the case, that is, the accused's guilt or innocence of the particular crime with which he is charged. In addition, it would subject him to charges against which he is unprepared to defend, thereby prejudicing his cause. However, as pointed out in the original opinion this rule "is subject to a number of exceptions, as where such evidence tends directly or fairly to prove his guilt of the crime charged, or to connect him with it, or to rebut the defensive theory or a special defense, or to establish the absence of mistake or accident, or where the crime charged and the other offense are closely related or connected * * *." 22 C.J.S., Criminal Law, § 683, p. 1089.

We granted a rehearing in this case when for the first time in the state's application for rehearing our attention was called to the fact that in cases of rape, a crime involving sex, there is an additional exception to this general rule. As pointed out in the majority opinion on rehearing, it is the weight of authority in other states that evidence of other offenses of a similar nature committed by the accused on the same alleged victim are admissible in the trial of sexual offenses, if not too far re-

mote, for corroboration purposes and to show the lustful disposition of the accused.

The trial judge in the instant case admitted the evidence objected to on the theory that it showed "the probability or improbability of the prosecuting witness' story, and also for the purpose of corroborating her testimony."

It is difficult for me to appreciate the rationale of the applicability of the rule in the case at bar. To allow the prosecuting witness to testify in corroboration of her own testimony that she was raped on the date charged in the indictment that she was raped by the accused some eight days previous thereto is, in my opinion, something to which I cannot quite agree. Nor can I agree that the alleged prior act of the accused in this respect can be said to any more create a presumption as to the lustful disposition of the accused than the act for which he was being tried would show. Moreover, the lustful disposition of the accused is not an element of the crime of rape nor can it be said to be an issue in the case.

I therefore cast my lot with the minority, feeling and believing that such evidence is not only contrary to the fundamental basis for the admissibility of evidence, that is, its relevancy to the issues involved, but that it is in direct violation of the con-

stitutional guarantee to every accused that he shall have a fair and impartial trial, for such evidence, in my opinion, can have no other effect than to prejudice and confuse the jury.

I think the verdict in the instant case illustrates this for if the jury believed the story told by the prosecuting witness and was neither confused nor prejudiced, it is reasonable to assume it would have brought in a verdict of guilty as charged, that is, it would have found the accused guilty of aggravated rape. On the other hand, if it did not believe her story that she was raped on September 12, 1944, which she attempted to corroborate by a story that she was also raped on September 4, 1944, then it was its duty to acquit the accused, not to bring in a verdict of attempt to commit rape, for while such a verdict is responsive to a charge of aggravated rape, my appreciation of the case is that no such issue was developed in the case from a factual standpoint.

I have no doubt that but for the abhorrence and deep-rooted contempt with which all sex crimes are viewed this additional exception to the general rule would never have found its way into the jurisprudence of the courts of the land.

I therefore respectfully dissent from the majority opinion.