PONDER, Justice.
 

 The defendants, Wilson Wood, Wyatt Wood and Gentry Wood, were convicted of the crime of simple kidnapping and sentenced to serve four and one-'half years in the penitentiary. They have appealed from the conviction and sentence.
 

 The indictment under which the defend--, ants were convicted charged them with intentionally and forcibly carrying Orice-Parker, a female person over the age of: fourteen years, from one place to another without her .consent. On trial of the case, the prosecutrix testified that the defend- . ants forcibly seized her and another girl, Mary Lee Young, and carried them in an automobile into the Parish of Bienville where two of the defendants raped her. She testified that the defendants brought her back in the automobile into Bossier Parish and left her in the road near her home.
 

 Bill of exception No. 1 was taken to the ruling of the trial judge permitting the ■prosecutrix to testify concerning the rape. Bill of exception No. 3 was taken to the ruling of the trial judge allowing a practicing physician, who had examined the prosecutrix two days after the offense was committed, to relate what he ascertained ■from the examination.
 

 Counsel for the defendants contends that the admission of this testimony was erroneous and prejudicial to the defendants. He bases his .contention on the ground that the evidence was not relevant because the statutory crime of kidnapping required no proof of motive and that the evidence was of no probative value to show the lack of consent in taking or carrying the prosecutrix to the point of the alleged attack. He advances the argument that the evidence did not tend to prove
 
 *399
 
 force and that the specific intent to commit the act of unlawful intercourse is not an element of the crime of kidnapping.
 

 Under the provisions of Article 441 of the Code of Criminal Procedure the evidence is admissible to show intent and the use of force. Moreover, where ■several felonies are parts of the same transaction evidence of the entire transaction is admissible on the trial of an indictment for any one of the offenses. State v. Vines, 34 La.Ann. 1079; State v. Anderson, 120 La. 331, 45 So. 267; State v. Guillory, 201 La. 52, 9 So.2d 450; State v. Ferrand, 210 La. 394, 27 So.2d 174, 167 A.L.R. 559 and State v. Jones, 211 La. 387, 30 So.2d 127.
 

 Bill of exception No. 2 was taken to the ruling of the trial judge permitting the prosecutrix to testify that she was fifteen years of age. Counsel contends that the evidence of the age of the prosecutrix was immaterial and highly prejudicial to the defendants. Fie bases his contention on the ground that the statute under which the defendants were charged makes no distinction between the kidnapping of persons of different ages and that the admission of the evidence of the youthful age of the prosecutrix was not a material fact at issue.
 

 The defendants were charged in the indictment with kidnapping a female over fourteen years of age and evidence of the prosecutrix’s age was admissible to prove ■this allegation. Moreover, we know of no ■reason why the age of a witness would not he admissible in evidence.
 

 Bill of exception'No. 4 was taken to the ruling of the trial judge allowing the State to bring out on cross-examination from Mjary Lee Wood, a witness for the defendants, that she had been treated for a venereal disease.
 

 Counsel for the defendant's contends that the evidence had no bearing on the guilt of the accused and that cross-examination of a witness is strictly limited to questions forming a basis of impeachment of facts pertinent to the issue. The authorities he cites to support his contention are to the effect that a witness cannot be cross-examined on a collateral or irrelevant fact merely for the purpose of contradicting the witness should the witness deny it. We find no fault with the authorities cited but they are not applicable.
 

 The defendant in his motion for a new trial alleged: “That the Court erred in permitting the State through the District Attorney, to propound questions to Mary Lee Young Wood, testifying on behalf of the defendant, who was allegedly present at the time of the commission of the alleged crime, tending to show that she and the prosecuting witness contracted a venereal disease as a result of such intercourse.”
 

 The prosecutrix testified that the defendants kidnapped her and this witness. Sub
 
 *401
 
 sequent to the commission of the offense and prior to the trial, this witness married one of the defendants who the prosecutrix testified had raped her. The evidence was offered to prove the witness had contracted a disease similar to the one that the pros-ecutrix had contracted from one of the defendants. The witness took the stand for the defendants and testified that they were not the three men who kidnapped her and the prosecutrix. She had identified the three defendants shortly after the commission of the crime as the ones who had committed the offense. The prosecutrix’s mother and a deputy sheriff testified that this witness had identified the defendants as being the guilty parties.
 

 The evidence was relevant under the provisions of Articles 490 and 492 of the Code of Criminal Procedure to test her credibility. It was also relevant to corroborate the testimony of the prosecutrix and disprove the testimony of the witness.
 

 For the reasons assigned, the conviction and sentence are affirmed.