TATE, Justice
(dissenting).
I respectfully dissent.
The defendant here was .charged with aggravated rape. La.R.S. 14:42. He was convicted of attempted rape, La.R.S. 14:27, a responsive verdict, La.Code Crim.P., Art. 804.
My brother BARHAM dissents from our affirmance of this conviction, suggesting that the prejudicial error was committed when, over objection, the State was permitted to introduce testimony of another woman that the defendant had attempted forcible sexual intercourse with her two years before. I concur in his present dissent, for the reasons expressed there and by his powerful dissent in State v. Crook, 253 La. 961, 974, 221 So.2d 473, 477.
This prejudicial testimony was admitted under the purported authority of La.R.S. 15:445: "In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.”
Whatever probative force the testimony of this isolated earlier (alleged) similar incident might have, is far outweighed by the prejudicial effect which, in the present instance, deprived the defendant of a fair trial for the offense with which charged. Commonsensically, testimony as to the alleged earlier incident some years earlier should not have any weight in determining intent as to the present crime (the sole purpose for which testimony of this earlier incident is admissible under La.R.S. 15 :- 445). See 2 Wigmore on Evidence, Section 357 (3rd Ed., 1940).
The evidence objected to, therefore, is not relevant. La.R.S. 15:441 provides that “Relevant evidence is that tending to show the commission of the offense and the intent * * *, while La.R.S. 15:442 states that “The relevancy of evidence must be *69 determined by the purpose for which it is offered * * *.”
Long ago in State v. Bates, 46 La.Ann. 849, 850-851, 15 So. 204, 205 (1894), we stated with regard to the admission of testimony such as the present:
“The general rule is that, when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that other offenses committed by him are wholly excluded. Therefore, the introduction of collateral evidence of extraneous crimes to show intent, motive, and guilty knowledge are exceptions to this general rule; and, in order that such evidence be admissible at all, it must bear directly and materially upon, and have some connection with, the issue before the jury * *
“The general rule, however, is against the introduction of such evidence, and the exceptional circumstances which justify a departure from the rule should be clear and very convincing. This statement of the proposition shows that each case must, to a great extent, be passed upon in view of its own special facts * *
In State v. Rives, 193 La. 186, 190 So. 374 (1939), we reiterated with approval the cautionary restrictions emphasized in State v. Bates about the reception of evidence of offenses other than which the accused is charged, further reiterating, 190 So. 379:
“It is a dangerous species of evidence, not only because it requires a defendant to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another * * *.
“The indictment is all that the defendant is expected to come prepared to answer. Therefore, the introduction of another and extraneous crime is calculated to take the defendant by surprise, and to do him manifest injustice by creating a prejudice against his general character. * * * It would lead to convictions, upon the particular charge made, by proof of other acts in no way connected with it, and to uniting evidence of several offenses to produce conviction for a single one.”
We there reversed the conviction, becausé of evidence admitted over objection an intent to commit a similar offense sixty days earlier. We reviewed the jurisprudence and held that evidence of similar offenses is not always admissible. To be admissible, “ ‘it must bear directly and materially upon, and have some connection with, the issue before the jury.’ ” 190 So. 382. We rejected a contention that intent to commit the present offense was in any way proved by evidence of an intent to commit a similar offense “on one isolated former occasion, in no way connected with the case on trial.” 190 So. 377.
*71 My distinguished predecessor, Chief Justice Fournet, dissented from the affirmance of a conviction of rape, wherein evidence was admitted of a similar offense against the prosecutrix committed just eight days prior to offense charged in the indictment. State v. Ferrand, 210 La. 394, 27 So.2d 174, 178 (1946).
His words are all the more pertinent here, where we have permitted evidence of an alleged attempt two years earlier, 27 So.2d 178-179:
“It is the universally accepted rule that when a person is on trial for his life or his liberty any evidence relative to other offenses committed by him is inadmissible. The reason for this rule is primarily that such evidence is hot relevant to the issues of the case, that is, the accused’s guilt or innocence of the particular crime with which he is- charged. In addition, it would subject him to charges against which he is unprepared to defend, thereby prejudicing his cause. * * *
“I therefore cast my lot with the minority, feeling and believing that such evidence is not only contrary to the fundamental basis for the admissibility of evidence, that is, its, relevancy to the issues involved, but that it is in direct violation of the constitutional guarantee to every accused that he shall have a fair and. impartial trial, for such evidence, in my opinion, can have no other- effect than to prejudice and confuse the jury.” ■
For the foregoing reasons, I respectfully dissent. >
Rehearing denied.
BARHAM and TATE, JJ., dissent from the refusal of a rehearing.