UNITED STATES of America, Plaintiff-Appellee,

v.

Patrick Kevin GIBSON, Defendant-Appellant.

No. 79–1457.

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1980.

**888**

Patrick Kevin Gibson, pro se.

Samuel Coon, Asst. U. S. Atty., Reno, Nev., for plaintiff-appellee.

Before MERRILL and KENNEDY, Circuit Judges, and SMITH *, District Judge.

RUSSELL E. SMITH, District Judge:

Appellant was convicted of the crime of interstate kidnapping. The evidence of guilt, including the testimony of the two victims, appellant's confession, incriminating objects of physical evidence found in appellant's possession, together with the testimony of two codefendants given in their cases-in-chief, was overwhelming.

We have reviewed the alleged errors. We are satisfied that no prejudicial error was committed and that but one of the claimed errors warrants comment. There

was evidence that the appellant committed some kind of a sexual assault upon the female victim during the period of abduction. It is asserted that this proof of another crime was prejudicial.

We recognize the general rule stated in Fed.R.Evid. 404(b) to the effect that evidence of other crimes is not admissible to show the propensity of the defendant to commit a crime. In our opinion, however, the evidence of sexual assault had relevance for purposes other than proof of character in this case. A kidnapping cognizable by federal law is complete when the victim is transported across the state line, but that does not render evidence of subsequent events irrelevant. The subsequent conduct of a defendant may throw light upon his motive and his intent, and while there is no substantial issue of motive or intent here, the subsequent conduct does tend to present a picture, the whole of which indicates guilt. The defendant absconded with a calculator owned by the male victim (a crime), and the evidence of that did connect defendant with the car used in the kidnapping and with the male victim. Pieces of tape which had been found at the place to which the victims were taken did form a part of the identification of the defendant with the crime. Proof of a threat to kill (also a crime) should the victims talk to the police evidenced the relationship among the parties. Proof of the assault characterized the defendant's dominion over the female victim, and the fact that the assault involved sex acts does not alter its relevance. The picture of a kidnapping is not complete unless all of the relationships of the defendant to the victims, from the beginning of the illegal detention to the end of it, are shown. The time sequence of the kidnapping is not continuous if there is some sort of a legal time-out taken during periods while the defendant is committing other crimes against the victim. We believe that the Govern-

---

* The Honorable Russell E. Smith, Senior United States District Judge for the District of Montana, sitting by designation.

ment is not required to present less than the whole picture; it is not required to present a time sequence with gaps in it. "In evidencing the act charged, it may be necessary to describe an affair which involves a number of acts, one or more others of which will also be crimes. Such proof is receivable, because it is inseparable from the act charged." 2 Wigmore, Evidence § 306(3) (Chadbourn rev. 1979).

We hold that evidence of the sexual assault was admissible.

In our opinion *United States v. Aims Back*, 588 F.2d 1283 (9th Cir. 1979), is not contrary. There the crime charged was rape, and evidence of a rape of a different woman, occurring after the rape of the woman named in the indictment, was shown. In that case the second rape was a part of the picture of an entire evening, but, in the view of the majority, it was not related to the rape charged. It cannot be said that the sexual assault was not related to the charge of kidnapping in this case.[1]

AFFIRMED.

1. In general accord with the results here are *United States v. Weems*, 398 F.2d 274 (4th Cir. 1968); *Law v. Cox*, 329 F.Supp. 849 (W.D.Va. 1971); *State v. Wood*, 215 La. 396, 40 So.2d 797 (1949).