403 So.2d 665 (1981)
STATE of Louisiana
v.
Lanzy ACLIESE.
No. 80-KA-2719.
Supreme Court of Louisiana.
September 8, 1981.
*666 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, Asst. Dist. Atty., for plaintiff-appellee.
Edward James Lopez, Opelousas, for defendant-appellant.
MARCUS, Justice.[*]
Lanzy Acliese was indicted by the grand jury for the aggravated rape of the eleven-year-old daughter of the woman with whom he was living on May 8, 1979, in violation of La.R.S. 14:42. After trial by jury, defendant was found guilty of forcible rape, La. R.S. 14:42.1. A presentence investigation was ordered by the court. Subsequently, defendant was sentenced to serve twenty-five years at hard labor with two years of the sentence to be without benefit of probation, parole, or suspension of sentence. The court expressly directed that the sentence be served consecutively with the "sentence previously imposed and for which he [defendant] is now on parole." On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in allowing the introduction of evidence of prior sexual assaults by defendant on the victim to show his lustful disposition toward her. He argues that this evidence was not intended for the purposes permitted under the statutory exceptions to the prohibition against evidence of other crimes. La.R.S. 15:445, 446.[1]
*667 Prior to trial and in conformity with the guidelines set forth by this court in State v. Prieur, 277 So.2d 126 (La.1973), the state served written notice on defendant that it intended to offer evidence of prior sexual offenses committed by him against the victim "to corroborate the offense charged, to show intimate relations between the parties, to show the lustful disposition of the defendant, to show the probability of him having committed the offense charged, and to rebut a possible defense of alibi or no penetration." A Prieur hearing to determine the admissibility of the evidence of other crimes was held outside the presence of the jury prior to the calling of the first witness. The only witness was the victim, the eleven-year-old daughter of the woman with whom defendant was living. She testified that on at least six occasions during the weeks immediately prior to the offense charged, defendant had either raped or attempted to rape her at her home. The offenses generally followed the same pattern wherein defendant would wait until the victim's mother and brother were either away from the house or asleep. Defendant would then call the victim to him, push or force her to the floor, remove her pants and underwear, and assault her. Defendant threatened to harm the girl if she told anyone of the attacks. The victim also testified as to the details of the rape on May 8, 1979, the offense for which defendant was charged. After the hearing, the trial judge ruled that the state would be permitted to present evidence of "prior acts of intercourse or attempted intercourse" with the victim by defendant. Defendant objected to the ruling of the trial judge.
At trial, the testimony of the victim was generally the same as that at the Prieur hearing. Following direct examination of the victim, the trial judge gave a special charge to the jury as to the limited purpose for which the evidence of other crimes was received and was to be considered. The trial judge stated in part: "Under your oath you are restricted in considering such evidence only for the purpose of deciding whether or not defendant had a particular sexual desire for [the victim] and to consider the presence or absence of any such desire as a factor in determining whether defendant committed the crime with which he is charged, that is, aggravated rape of [the victim] on or about the 8th day of May, 1979." In addition, the final charge to the jury contained a charge of the limited purpose for which the evidence was received and the jury was advised that defendant could not be convicted of any charge other than the one named in the indictment or one responsive thereto. State v. Prieur, supra.
Evidence of other crimes related to the offense with which a defendant is charged is inadmissible except under special exceptions. Aside from related offenses admissible as part of the res gestae and convictions admissible for impeachment purposes, Louisiana's statutes provide for three exceptionsacts relevant to show intent, knowledge or system. La.R.S. 15:445, 446. Louisiana courts have recognized certain other exceptions, including the admissibility of prior sex crimes committed against the same prosecutrix. State v. Morgan, 296 So.2d 286 (La.1974); State v. Ferrand, 210 La. 394, 27 So.2d 174 (1946), on rehearing; State v. Mischiro, 165 La. 705, 115 So. 909 (1928); State v. Harris, 150 La. 383, 90 So. 686 (1922); State v. McCollough, 149 La. 1061, 90 So. 404 (1922); State v. Wichers, 149 La. 643, 89 So. 883 (1921); State v. DeHart, 109 La. 570, 33 So. 605 (1903).
As this court noted in its most recent consideration of this question in State v. Morgan, supra:

*668 Generally, courts of other jurisdictions in sexual crimes permit evidence of prior sex offenses which involved the same person as the offense on trial. Wharton's Criminal Evidence, 11th Edition, Vol. I, Section 356. Underhill's Criminal Evidence, 6th Edition, Vol. 1, Section 212 at page 647 notes:
"Sex cases call for special treatment with respect to the admission of evidence of other offenses. They are subject to the same exceptions that non-sex criminal trials are subject to, and in addition they are often subject to a special rule relative to the defendant's propensity to commit the crime on trial.
"Some courts depart sharply from the general rule which bars the use of other offenses to prove the defendant's propensity or disposition and permit the introduction in sex cases of evidence of other sex offenses in order to show the defendant's propensity, inclination or disposition toward sex in general, that is, without regard to whether the defendant's victim or partner was the same person. Other courts refuse evidence of other sex offenses which involve different victims or partners, but nearly all courts permit evidence of other sex offenses which involve the same person as the offense on trial, the theory being that the evidence shows the defendant's lustful attitude toward that person. In any event, courts in sex cases are probably more liberal than they are in other cases in admitting evidence of other offenses.
"In the trial of sex offenses the evidence of other sex offenses is not limited to those occurring before the offense on trial, but remoteness, as always, is an important consideration." (Footnotes omitted) (Emphasis ours)
Likewise, in a prosecution for the commission of statutory rape, or rape of a female under the age of consent, or an attempt to commit such rape, evidence of prior sex offenses committed by the defendant with the same prosecutrix is generally admissible. Such evidence has been admitted for various reasons, such as corroboration of the offense charged, to show intimate relations between the parties, the lustful disposition of the defendant and the probability of his having committed the offense charged, or to rebut the defense of alibi. 77 A.L.R.2d 852 (1961); Wharton's Criminal Evidence, 13th Edition, Vol. I, Section 250 at page 577; 65 Am.Jur.2d, Rape, Section 72, page 803.
Thus, we conclude that in the instant case evidence of the prior rapes or attempted rapes by defendant of the eleven-year-old daughter of the woman with whom he was living was properly admitted in this prosecution for aggravated rape.
Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 2, 3, 4 AND 5
Defendant contends the trial judge erred in failing to follow the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 and in imposing an excessive sentence.
Following defendant's conviction for forcible rape, the trial judge ordered a presentence investigation. At the sentencing hearing, defendant testified that he had never had sexual intercourse with the victim but admitted that he was currently on parole for a conviction for carnal knowledge of a juvenile for an incident concerning his step-daughter during a former marriage. The state then introduced the record from that prior conviction which reflected that defendant had been charged with forcible rape and had pled guilty to a reduced charge of carnal knowledge of a juvenile. Defendant also testified that prior to trial he had agreed to take a lie detector test and had requested that he be questioned as to the incidents concerning both his step-daughter and the victim in the instant case. Defendant admitted that he had subsequently been advised by his attorney that he had failed on the questions concerning the two crimes.
The trial judge then sentenced defendant to twenty-five years at hard labor with two years of the sentence to be without benefit *669 of probation, parole, or suspension of sentence.[2] The trial judge made specific reference to the sentencing guidelines of La. Code Crim.P. art. 894.1 and found that there was an undue risk that during the period of a suspended sentence or probation defendant would commit another crime, and that a lesser sentence would deprecate the seriousness of defendant's crime. In imposing sentence, the court considered defendant's criminal record of similar crimes, the repetitive nature of this crime, and the fact that the crime was committed on a child under the age of consent. The trial judge then expressly directed that the sentence be served consecutively with the sentence previously imposed for which defendant was then on parole.
La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Spencer, supra; State v. Sepulvado, supra.
In the instant case, we conclude that the trial judge adequately stated for the record the considerations taken into account and the factual basis therefor for imposing sentence as required by La.Code Crim.P. art. 894.1. Additionally, after reviewing the trial judge's reasons for imposing the sentence, we are unable to say that the sentence is excessive. Clearly, the trial judge did not abuse his discretion.
Assignments of Error Nos. 2, 3, 4 and 5 are without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
DIXON, C. J., dissents with reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
This case involves the application of principles laid down in State v. Moore, 278 So.2d 781 (La.1973). In that decision, we affirmed a basic rule: that when a person is on trial for his life or liberty, any evidence that he committed other crimes is inadmissible, unless such evidence is relevant to an issue of the case and its probative value exceeds its prejudicial effect.
The instant case is a sordid one. Defendant was indicated for aggravated rape (R.S. 14:42) of the eleven year old daughter of a woman with whom defendant was living. After a trial by jury, defendant was convicted of forcible rape (R.S. 14:42.1) and was sentenced to twenty-five years imprisonment.
Before trial commenced, defense counsel was notified that the state intended to elicit testimony from the victim concerning other acts of illicit sexual intercourse which the defendant had forced upon her. These offenses were said to have occurred in the year prior to the crime of which the defendant was accused. A hearing was held on the day before trial, with the victim as the sole witness. The trial judge ruled that the prosecution would be permitted to prove prior acts of intercourse or attempted intercourse with the victim by the defendant. Defense counsel objected to the introduction *670 of any evidence relating to offenses other than the one with which defendant was charged.
Only two witnesses testified at trialthe parish coroner and the victim. The coroner testified that his examination of the victim, performed the day after the rape supposedly occurred, revealed that she might have been the object of forcible sexual penetration. The victim then took the stand, testifying that defendant had raped or attempted to rape her on five or six occasions in the year before the offense in question.
After the direct examination of the victim was completed, the trial judge gave the following charge to the jury:
"The defendant is charged with aggravated rape of Rosemary Alfred on or about May 8, 1979. That is the only crime with which he is charged and the only crime for which he can be found guilty except as to other lesser crimes about which I will charge you later. Evidence tending to prove other acts or attempted acts of sexual intercourse between defendant and Rosemary Alfred, the prosecuting witness, has been admitted in evidence. That evidence cannot be considered as directly proving defendant's guilt of the crime charged or as bearing on his character, reputation or any criminal tendency. Under your oath you are restricted in considering such evidence only for the purpose of deciding whether or not defendant had a particular sexual desire for Rosemary Alfred and to consider the presence or absence of any such desire as a factor in determining whether defendant committed the crime with which he is charged, that is, aggravated rape of Rosemary Alfred on or about the 8th day of May, 1979. Accordingly, regardless of what your conclusion may be as to whether defendant committed any other crimes, you must be satisfied beyond a reasonable doubt from all the evidence in the case that defendant committed the crime charged or any lesser one for which a verdict is [responsive] as to which I will later charge you. Even should the state prove beyond a reasonable doubt that defendant committed other offenses on other dates but failed to prove beyond a reasonable doubt that he committed the offense for which he is now on trial, it would be your duty to find the defendant not guilty of the offense for which he is now on trial."
The jury was thus instructed to consider the evidence of defendant's previous offenses only insofar as that evidence tended to show that defendant had a "particular sexual desire" for the victim, and to consider the presence of such desire merely as a factor in determining whether defendant committed the crime with which he was charged.
This evidence of other crimes does not fall within any of the exceptions established in R.S. 15:445-46. Defendant's intent was not at issue: once the victim testified that defendant committed the act, no further proof of intent was required. R.S. 15:444; State v. Moore, supra. Guilty knowledge is not an element of the crime of rape. And, even though the victim's testimony indicated that the acts of rape followed a recurring pattern or system, evidence that the rapes were committed in a similar manner tended to prove no material issue.
The evidence did tend to prove the fact of defendant's depraved character. To some extent, this must have been what the trial judge had in mind when he instructed the jury to consider the evidence of other crimes only insofar as it went to prove that defendant had a "particular sexual desire" for the victim: such evidence was probative of the likelihood that defendant did indeed rape the victim on the day in question. Under a long line of jurisprudence, in this state and others, it is permissible to introduce evidence of a defendant's past acts of sexual misconduct with the same victim. In State v. Morgan,[1] 296 So.2d 286, 288 (La.1974), this court stated:

*671 "... Such evidence has been admitted for various reasons, such as corroboration of the offense charged, to show intimate relations between the parties, the lustful disposition of the defendant and the probability of his having committed the offense charged, or to rebut the defense of alibi...."
A majority of jurisdictions are said to subscribe to this view. See, 1 Underhill's Criminal Evidence § 212 (6th ed. 1973); 1 Wharton's Criminal Evidence § 250 (13th ed. 1972); Gregg, "Other Acts of Sexual Behavior and Perversion as Evidence in Prosecutions for Sexual Offenses," 6 Ariz.L. Rev. 212 (1965). It has been said that the exception was created because of the abhorrence and contempt with which sex crimes are viewed. State v. Ferrand, 210 La. 394, 27 So.2d 174 (1946). If this is so, it seems peculiar to give sex crime defendants less protection from prejudicial evidence than is afforded to other criminals. Those charged with horrible crimes are entitled to the same protection in the guilt determining phase as those charged with less abhorrent offenses.
There is no doubt that the trial judge's instructions to the jury were in accord with past jurisprudence. State v. Morgan, supra; State v. Ferrand, supra. It must be recognized, though, that this jurisprudential view represents an exception to the general rule that evidence of other crimes should not be used to a defendant's prejudice at trial. Such a jurisprudential rule should not be unquestioningly accepted and inflexibly applied. It has been acknowledged that the exception as to evidence of other sexual offenses is limited to those cases where the crimes were perpetrated upon the same victim. State v. Morgan, supra. This application of the exception was said to avoid the holding of State v. Moore, supra, which involved the admissibility of evidence showing that the defendant had raped another victim. The validity of such exception is not readily perceived: the Moore decision applied the terms of the positive law, and the law makes no such distinctions.
R.S. 15:435 states that "[t]he evidence must be relevant to the material issue." This principle was explained in State v. Moore, supra, at 785:
"... Correctly interpreted, R.S. 15:435 means that, in a criminal case, no evidence shall be admitted that is not relevant to (tending to prove or disprove) the matters in issue."
Given this standard, the issue presented here is whether the evidence of defendant's other crimes, admitted under the aegis of the trial judge's special instructions, tended to prove a material issue.
At the time the evidence was admitted, no defense had yet been presented other than the cross-examination of the coroner. *672 When the victim's testimony was given, the jury was instructed to accept it only as evidence tending to portray defendant's character as that of a rapist with a particular interest in his young victim. It has already been noted that the defendant's knowledge or intent were not at issue in this case. Since the rapes allegedly followed a recurring pattern, it might be thought that the system or design of the crimes did indeed shed light on defendant's perverse interest in his victim. What is questionable, though, is whether this aspect of defendant's character was a material issue in the case.
It is clearly impermissible to adduce evidence of a defendant's bad character except to rebut evidence introduced by a defendant to show good character. R.S. 15:481; State v. Prieur, 277 So.2d 126 (La.1973). In the present case, defendant's character was never put at issuethe sole issue in the case was whether defendant committed sexual intercourse upon the victim on the day in question.
The evidence of past acts of forcible intercourse tended to support the charge leveled against the defendant: it showed that defendant had a pronounced sexual interest in the particular victim and, given this characteristic, made it likely that he was capable of the specific act in question. This, however, is the precise danger involved in using evidence that reflects upon the bad character of a defendant: it makes it easier to convict an accused of a crime he did not commit on the finding that he committed other crimes of which he has not been accused. Such evidence is not excluded on the grounds that it is not probative; it is said to be prejudicial because it is too probative. Under its damning influence, a jury may be persuaded that the defendant, a person of criminal character, committed the crime in question, since it is consistent with his nature; or, in the same vein, that the defendant should be punished for other crimes for which he is not on trial.
In the present case, the victim's testimony was given before any substantial defense had been presented. Defendant rested upon the presumption of innocence; the sole defense was made by way of inquiring into the motive and reliability of the victim. Under these circumstances, the only probative force that can be ascribed to the evidence of defendant's past acts of rape is that it revealed defendant as a person with a singularly depraved disposition, making it all the more likely that he committed the crime for which he was accused. This amounted to nothing more than permitting defendant's conviction because of his bad character, a practice that is proscribed.
That is not to say that the evidence would be inadmissible under all circumstances. But where, as here, evidence of prior sexual crimes committed upon the same victim is introduced before a defense is ever made, it cannot properly be said that such evidence is relevant to a material issue. When an accused faces trial, his propensity for committing specific crimes is not automatically at issue; and, even in circumstances where evidence of other crimes might be relevant to a material issue, it must still be determined whether the prejudicial effect of such evidence outweighs its probative value.
Although the trial judge relied upon past pronouncements of this court in admitting the evidence, no attempt was made to determine whether the evidence was admissible under the general principles common to all criminal cases. And, because the evidence admitted in the present case tended to prove nothing but defendant's bad charactera matter not at issueit should not have been admitted.
The conviction and sentence should be reversed, and the case remanded for a new trial.
NOTES
[*] Judges Morris A. Lottinger, Jr., Wallace A. Edwards and Elven E. Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] La.R.S. 15:445 provides:

In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.
La.R.S. 15:446 provides:
When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.
[2] La.R.S. 14:42.1 (forcible rape) contains the following penalty provision:

Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
[1] In State v. DeHart, 109 La. 570, 33 So. 605 (1903), this court first expressed the view that evidence of prior sexual activity between defendant and the victim is generally admissible in the prosecution of sex offenders. DeHart thus held (in a case of incest) that such evidence "... tend[ed] to establish [the] commencement and continuance of the intercourse down to the time laid in the indictment...." 109 La. at 578, 33 So. at 608. Thereafter, in State v. Wichers, 149 La. 643, 89 So. 883 (1921), this court refined that view somewhat and held the evidence "admissible to show the relations between the parties, and thereby the likelihood that the offense charged had been committed. In other words, it is corroborative evidence...." 149 La. at 645, 89 So. at 884. In varying guises, the Wichers rationale has appeared in the following cases directly on point: State v. McCollough, 149 La. 1061, 90 So. 404 (1922) (carnal knowledge); State v. Ouzts, 162 La. 340, 110 So. 497 (1926) (carnal knowledge); State v. Fuller, 164 La. 718, 114 So.2d 606 (1927) (carnal knowledge); State v. Mischiro, 165 La. 705, 115 So. 909 (1928) (rape); State v. Ferrand, supra (attempted aggravated rape); State v. Smart, 247 La. 174, 170 So.2d 365 (1965) (carnal knowledge); State v. Morgan, supra (attempted aggravated rape).

State v. Morgan, supra, represents this court's last word on the question. For the dangers of this sort of rule, however, see State v. Crook, 253 La. 961, 221 So.2d 473 (1969), decided before State v. Prieur, supra, and State v. Moore, supra. This court found that evidence of defendant's rape of another woman several days prior to the charged offense was "... admissible for corroboration and to show the intent and licentious disposition of defendant...." 221 So.2d at 477. State v. Crook cites to State v. McCullough, supra, an opinion that had carefully limited the rule to acts between the defendant and the victim. Crook appears obviously wrong; State v. Crook, as well as State v. DeHart and State v. Wichers, the cases which followed it, including State v. Morgan, should be overruled.