DOUCET, Judge.
On May 28, 1986, the Calcasieu Parish Grand Jury indicted Ivy J. “Bobby” David, on six (6) counts of Conspiracy to Distribute Controlled Dangerous Substances and six (6) counts of Distribution of Controlled Dangerous Substances, in violation of La. R.S. 14:26, 40:967(A)(1), and 40:969(A)(1). The State nolle prosequied three of the six counts of Conspiracy to Distribute. On July 25, 1986, defendant pled guilty to all six (6) counts of Distribution of a Controlled Dangerous Substance and three (3) counts of Conspiracy to Distribute a Controlled Dangerous Substance.
Defendant requested a pre-sentence evi-dentiary hearing which was conducted on September 26, 1986 before the Honorable James C. Mclnnis who, after hearing all of the testimony, sentenced defendant to serve nine (9) years with the Department of Corrections for each count of Distribution of a Controlled Dangerous Substance. Defendant was also sentenced to serve five (5) years with the Department of Corrections on each count of Conspiracy to Distribute a Controlled Dangerous Substance. All sentences were ordered to run concurrently. It is from this sentence that defendant now appeals.
On appeal, defendant contends that the sentences imposed on him are excessive and in violation of La. Const, art. 1, § 20 and La.C.Cr.P. art. 894.1.
La. Const, art. 1, § 20 prohibits the imposition of excessive punishment. The Louisiana Supreme Court has held that the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment. The trial judge’s reasons in imposing sentence, as required by La.C. Cr.P. art. 894.1 are an important aid to an appellate court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Washington, 414 So.2d 313 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980). Moreover, the trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Acliese, 403 So.2d 665 (La.1981).
*1168 The test for determining whether a sentence is excessive is whether the sentence is so grossly disproportionate to the severity of the crime as to shock one’s sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
This is defendant’s first felony conviction. Defendant is 52 years of age, was a public official for the City of Sulphur (supervisor of streets and parks), and used the city’s vehicle to distribute drugs on occasions. Defendant entered pleas of guilty to a total of nine counts of drug violations, six counts of Distribution of Dia-zepam and Hydromorphone, and three counts of Conspiracy to Distribute Controlled Dangerous Substances. Moreover, there is ample evidence tending to show the offenses were not defendant’s first involvement in criminal activities.
As correctly stated by Judge Mclnnis: "... These were not crimes committed on an impulse. They were deliberate and recurrent over a period of time. They required preparation, secretive precautions, and clandestine activities including, according to the tapes, the regular carrying of a gun in defendant’s boots. Assuming, as defendant states, that he received only nominal monetary gain, it makes no difference to the Court. He was a conduit through which these drugs passed on their way from the initial source to the ultimate user, and this would be true even if he had acted gratuitously. The amount of financial gain or the total lack of same does not lessen the seriousness of the criminal activity herein involved; that is, distribution of drugs. The seriousness of the offense is directly proportional to the quantity of the drugs distributed and the consequent potential of injury or harm to the users ...”
Some of the factors considered by Honorable Judge Mclnnis before imposing sentence on defendant included the following:
A)David’s admission to Dale Folds, an undercover officer, that he dealt drugs for the past ten to fifteen years;
B) David’s statement from the witness stand that he illegally obtained drugs for horse trainers since 1982;
C) David’s statement from the witness stand that he had obtained drugs from Texas, by using forged prescriptions, and returning those drugs to Louisiana for sale;
D) Dale Folds’ testimony concerning the presence of David in two major drug deals which occurred some six months to a year prior to David’s involvement in the current charges;
E) Hank Henry’s letter to the court concerning David’s dealing in morphine illegally in 1980;
F) David’s apprehension for selling thousands of pills on four separate occasions in 1985; ...
Additionally, the trial judge carefully considered the sentencing guidelines set out in La.C.Cr.P. art. 894.1 before imposing the sentence on defendant. The trial judge looked to the fact that there was absence of any provocation or motive for defendant’s conduct except for personal monetary gain and that there was an absence of any grounds to justify defendant’s criminal conduct. Additionally, the trial judge noted that compensation to the victims of his criminal conduct is not realistic because there is no way to ascertain who all of the victims of this case might be. Finally, the trial judge considered the fact that incarceration would not result in any excessive hardship to defendant because of the amount of his income and because of the fact that his children are no longer dependent upon him. After a careful consideration of the above factors, the trial court concluded that the aggravating circumstances in this case outweighed the mitigating circumstances.
We agree with the trial court’s decision and imposition of sentence and find that the sentence imposed was not excessive as prohibited by La. Const. art. 1, § 20, and that the sentencing guidelines of La.C. Cr.P. art. 894.1 were carefully and properly considered. As such, we affirm the deci *1169 sion of the trial court. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.